The opinion of the Court was delivered by
Parsons, C. J.
When a turnpike corporation is created, it has power to make a road over the land of others, paying the owners for the easement; or they may purchase the soil with the consent of the owners, which, however, is not frequently done. When the road is made, the corporation is entitled to demand and receive a toll of travellers for the use of it, in trust for the members of the corporation, in proportion to their respective shares. The property of every member is a right to receive a proportional part of the toll, which *524 is considered as personal estate, is alienable, and may be seised and sold on execution against him, as his private property.
The right of the corporation seems to be a franchise, a mere incorporeal hereditament; and as no provision is made in [ * 597 J the * act creating it, by which it may be aliened, or taken in execution, it may hereafter, perhaps, require consideration, whether, on a judgment against such a corporation, this franchise can, in any manner, be taken in execution. But if it may, it. will sometimes happen that the right to take toll is not of sufficient value to reimburse the expense of making the turnpike; and the remedy the corporation possess of assessing the shares may be inadequate, their value, on a sale, not being equal to the amount of the assessments ; and as the bodies or private property of the individual members cannot be taken in execution to satisfy a judgment against the corporation, it certainly is a prudent measure, in those who contract to do the labor, to insist on the responsibility of individuals, and not to trust to the corporation for payment. And if any individuals, who are agents for the corporation, or of any officers of it, will voluntarily stipulate with the workmen for their payment, it is certainly reasonable that they should be holden to their contract.
A case of this kind is not like a contract made by an agent for the public, and in the character of an agent, although it may contain an engagement to pay in behalf of the government. For the faith and ability of the state in discharging all contracts made by its agents in its behalf, cannot, in a court of law, be drawn into question.
The decision of this cause must, therefore, depend upon the construction of the deed. If the defendants have, by their deed, personally undertaken to pay, they must be holden. To the agreement the defendants have not (if they had legal authority) put the seal of the directors, or the seal of the corporation; but have put their own seals. It is, therefore, their deed ; and if it be not their cove nant, it is not the covenant of any person or corporation; and the apparent intent of the plaintiff to have his payments secured by a covenant will be defeated.
The defendants do not describe themselves as a committee of the corporation, but of the directors appointed to contract. The cor poration are, therefore, not bound by this contract, unless it gave the directors, its immediate agents, a power to substitute agents under them, by whose contracts it should be bound. But this does not appear; and we cannot presume it without some evi1 * 598 ] dence. The directors are not * a corporation, but the agents of one; and if answerable, are answerable for heir personal contracts as private persons. The contract before us *525 is a contract of some individual persons for others; and if they have bound themselves, they must look to their principals for indemnity.
But they have expressly bound themselves. The agreement is between the plaintiff and Edward Walker and the others, who are described as a committee ; and this committee stipulate that they will make the payments agreed on to the plaintiff, in behalf, not of the corporation, but of the president and directors, who are officers and agents of it.
As they have covenanted to pay in behalf of others, and have not made the payments agreeably to their covenants, their own covenants have been broken ; and they must be answerable to the plaintiff for the damages he has sustained by the breach of them, which the jury have assessed; and judgment must be entered on the verdict, (a)

 [Ante, 522. — Ed.]