Parsons, C. J.
This action is a special assumpsit, against the defendant, for not fulfilling his undertaking made in behalf of the Bluehill Turnpike Corporation.
It appears from the plaintiff’s evidence, as reported, that an agreement had been made between him and the defendant, who acted on behalf of the corporation, that the plaintiff Was to let the corporation have his land for the turnpike, paying at the rate of one hundred dollars per acre, making a wall and railing, [ * 165 ] and complying with * some other specified terms. A memorandum of this agreement was produced, signed by the defendant; also evidence that, pursuant to the act of incorporation, the turnpike had been legally located over the plaintiff’s land; and an agreement under the defendant’s hand was also produced, undertaking, in behalf of the corporation, to fulfil this contract. But the plaintiff did not prove that he had in fact conveyed the land to the corporation, or signed any memorandum in writing promising to convey it; and whether he ought not to have produced this evidence to maintain the issue on his part, is the question reserved.
This corporation was created by the statute of 1803, c. 131. By the second section, the corporation may purchase and hold lands, over which they may make the road; and they are also made liable to pay all damages which may arise to any person by the taking of his land for the road; for, when the same cannot be taken by voluntary agreement, such damages to be estimated as in the act is provided.
The defendant’s construction of his agreement is, that the plaintiff was to sell and convey his land in fee to the corporation, and not merely to let them have it for a road; that therefore he should show *125 that he had in fact conveyed it, or that he had obliged himself to convey it by some memorandum in writing.
Morton, for the plaintiff.
Whiting, for the defendant.
The agreement of the plaintiff to let the corporation have the land for a turnpike may possibly admit of two constructions; either an agreement to sell the land, or a consent that the turnpike may be located over it on stipulated terms.
If the expression be equivocal, it must be taken most strongly against the defendant, in whose language the memorandum is expressed. But the corporation have, by their own act, explained it in the plaintiff’s favor, if they have no conveyance, nor an agreement to convey from the plaintiff. For the road has in fact been located over the plaintiff’s land, by the direction of the corporation, *and no damages appear to have been esti- [ * 166 ] mated for the plaintiff pursuant to the act. The agreement must therefore be construed as a contract to sell a perpetual easement over the plaintiff’s land to the corporation, to which easement it now has a legal and indefeasible title (a); and the plaintiff has therefore a right to recover by action the stipulated damages. This construction is also supported by the terms of the agreement, in which there is no description, as to quantity or site, of the land which the corporation is to have.
Indeed, the authority given to the corporation, to purchase lands for the turnpike, seems intended to preclude the remedy of estimating the damages by commissioners of a jury, by substituting the agreement of the parties. For land cannot be holden by this corporation but for a turnpike, and when the road is located, it is a public highway, and cannot be encumbered.
But it may further be observed, that if the plaintiff did not sign a written memorandum to convey, it was the folly of the defendant to bind himself without it; and if the plaintiff had signed one, he could not produce it, as it cannot be presumed to be in his possession.
This point, however, seems not to be material; for the promise by the defendant to pay, must be considered as an agreement to pay upon the corporation’s having the land. And it appears that they have had the land, according to the true intent of the parties, as explained by the subsequent location of the turnpike by their direction, if they have not a conveyance. And if they have one, there is no ground for the objection.
Judgment must be entered according to the verdict.

 The true ground was, that the corporation had a right by law to appropriate the plaintiff’s land to their use for making a turnpike, and that he was entitled by law to s compensation for the damage thereby occasioned, which the parties had agreed upas *126 and fixed by the memorandum referred to. But Quaere whether the action ought to have been sustained against the defendant, as he contracted merely as agent, and there was nothing to show that he intended to bind himself personally; but the contrary was quite apparent, and the contract was by parol. Mann vs. Chandler, 9 Mass. 335. — Spittle vs. Lavender, 5 Moore, 270. 2 B. & B. 452. — Bowen vs. Morris, 2 Taunt. 374.