## Case No. 13,873.

### THAYER v. WENDELL.

[1 Gall. 37.]¹

Circuit Court, D. Massachusetts. May Term, 1812.

EXECUTOR—VENDOR—COVENANTS—TITLE—INDIVIDUAL LIABILITY.

A covenant by an executor, on a conveyance of land of his testator, in his capacity as executor, and "not otherwise," is not binding on him in his individual capacity, although it may not be binding on the estate of the testator. A covenant that the premises sold were "in due form of law" extended upon and taken in execution to satisfy a debt due to the testator, and that all the forms of law relating to the setting off, &c. have been complied with, is a covenant for the regularity of the proceedings on the levy, and not for the validity of the title to the land.

[Cited in Duvall v. Craig, 2 Wheat. (15 U. S.) 57.]

[Cited in Mitchell v. Hazen, 4 Conn. 514; Underhill v. Gibson, 2 N. H. 352.]

¹ [Reported by John Gallison, Esq.]

This was an action of covenant, brought by the plaintiff [Levi Thayer] against the defendant [Oliver Wendell], for a breach of the covenants contained in a deed of conveyance of land, dated the 2d day of August, 1792, and given by the defendant, as sole surviving executor of the last will and testament of John Erving, deceased. By the case, as presented in the pleadings, it appeared that one James Gordon was indebted to said Erving in a considerable sum of money; that James Gordon died intestate, and after his decease, and while there was a rightful administrator on his estate, the defendant and the other executors of Erving brought an action against one Cosmo Gordon, as executor de son tort of James, at the court of common pleas in Suffolk, and at the January term thereof, 1790, recovered judgment against the said Cosmo in said suit, and the land in the deed mentioned was duly set off, as the estate of said James Gordon, to satisfy the execution which is sued on said judgment. It was admitted, that in point of form the levy by the execution was well made; and the controversy turned on the nature and extent of the covenants in Wendell's deed. The deed purported on the face of it, to be given as surviving executor of Erving, and for the land set off to the executors on their execution against the estate of James Gordon. The covenants relied on were in the following words: "And in my capacity aforesaid, but not otherwise, I do covenant with the said Levi Thayer, his heirs and assigns, that the said premises were in due form of law extended upon and taken by execution, as aforesaid, to satisfy a debt actually due to the estate of the said John Erving from the said James Gordon; and that all the forms of law relating to the setting off of real estates for the payment of debts due therefrom, have been duly complied with." The breach assigned in the declaration negatived these covenants, and alleged a legal eviction by one James Martin.

Thomas Williams, Jr., and Rufus Amory, for plaintiff.

Charles Jackson, for defendant.

Mr. Amory cited 1 Term R. 489; 4 Term R. 343; 5 Term R. 6.

STORY, Circuit Justice. Since the decision of the supreme court of this commonwealth in Mitchel v. Lunt, 4 Mass. 654, it is admitted, as settled law, that on a judgment against an executor de son tort, the real estate of the intestate cannot be set off to satisfy the execution. It is contended in behalf of the plaintiff: 1. That the covenants of Wendell, although in his capacity as executor, and not otherwise, bind him personally. That the true meaning of the words "not otherwise" is, that the funds out of which payment is to come in case of a breach, are to be the assets of the estate

of Erving; and further, that thereby a rule may be furnished to regulate the damages in case of a recovery against the defendant. 2. That if the first position be correct, then the covenants extend not only to matters of form, but to the right and title acquired by the levy on the execution.

As to the first point, it is undoubtedly true, that the best construction is to be made in order to support a deed. Shep. Touch. p. 84, c. 5; Id. p. 654. But the first rule of construction is, that every deed is to be construed according to the intent of the parties. Now what was the apparent intent of the parties? Certainly, the argument itself admits, that the defendant should not be personally bound. Yet this action is brought against him personally; and the execution, if at all, must be satisfied out of his own estate; and for aught that appears in the case, there are not any assets of John Erving, out of which any indemnification could be had, even if the right to apply them were incontestible. If, therefore, we support this action, we plainly set aside the intent of the parties. But it is said, that if this construction be not adopted, the covenant is void, and has no legal operation; for an executor cannot bind the estate of his testator by his own covenant. Be it so; but is not the conclusion then irresistible, that the defendant, if liable at all, must pay out of his own funds? Whether such a covenant be void or not, I do not decide, for the question does not arise in this case, and it will be time enough to decide, when we are compelled by law so to do. I take it however to be true, that where a party contracts in a particular, and not a personal capacity, it is of no consequence, as to the legal result, whether, supposing no remedy can be had against him personally, none will lie against another. It is the party's own folly to take such a contract; and unless there be fraud, deceit, misrepresentation, or warranty, there can be no reason in nature, why a recovery should be had. The cases which have been cited, seem to me to proceed on this general ground, that no man, acting fairly and openly, in alieno jure, and not otherwise, can be made answerable in his private capacity upon the contract. See cases cited 1 Com. Cont. 247, 272; Macbeath v. Haldimand, 1 Term R. 172; Hodgdon v. Dexter, 1 Cranch [5 U. S.] 345.

Now the clear exposition of the contract of the defendant is: "I covenant in my capacity as executor, and as far as I can legally bind the estate of Erving, but I hereby expressly exclude myself from all personal responsibility, in any event." Now it is quite too plain for argument, that if the words had been, as I have stated, there would have been no personal remedy. Can there be, when the words used require precisely the same exposition? We are not at liberty to reject any words, which are used in a contract, when they are sensible in the place where they occur; much less have we any authority to change the entire nature of a contract from a particular to a general responsibility.

But even if this point were more doubtful than I think it to be, I am clear in opinion, that the second point is with the defendant. The language of a covenant, to bind an executor to warrant the right and title to the land, ought to be clear and explicit, before any court should venture to charge him. Now the language of these covenants is, that the premises (i. e. the land—not the title to the land), had been extended in due form of law on the execution, to satisfy a debt due to Erving; and that all the forms of law, necessary thereto, had been fully complied with. To my understanding, nothing can be more plain than that the defendant covenanted only for the regularity of the proceedings under the execution, and not for the title of the property, or the absolute legal right, which resulted from the levy. The first covenant warrants, that there was a debt due to Erving, that there was a regular execution, and a regular extent in point of form; all of which was literally true; and the second covenant is little more than a repetition of the former.

My judgment accordingly is, that the plaintiff take nothing by his writ. And as the district judge concurs in this opinion, let the judgment be so entered. Vide Spittle v. Lavender, 2 Brod. & B. 452. Vide, also, Childs v. Monins, Id. 460. Judgment for defendant.