Parker, C. J.,
delivered the opinion of the Court.
We have no doubt that the defendant was personally bound by tne written contract which he signed, notwithstanding it shows that anoth er person was owner of the vessel in which the plaintiff agreed to perform the services for which this action is brought. It is not sufficient that a person, in order to discharge himself from a promise in writing, should show that he was in fact the agent of an-[*175] other ; but *it should be made to appear that he treated as agent, and actually bound his principal by the contract. Here there are no words, either in the contract itself, or connected with the name of the defendant at the bottom, which furnish any indication of an intent to charge any other person than himself, and no action would lie against the supposed principal upon this contract merely.
Nor does the subsequent engagement, made by the plaintiff upon the shipping paper, discharge the defendant from his previous stipulation. It is manifest that that document was merely formal, to enable the owners, if occasion should require, to avail themselves of the neutral character of the plaintiff, in order to avoid a capture, or to procure a restoration.†
*155 We are also of opinion that the principles, which govern the mar time contracts between' masters and owners, are not applicable to the special contract on which this action is founded.
The master is entitled to nothing, quasi wages, after the capture ; which is supposed to dissolve all subsisting contracts.† But we consider the plaintiff employed for another and different purpose from that of navigating the ship. He is called flag-captain, by which it is to be understood that he is to assume the character and duties of captain only on special occasions ; and it appears, that, when he shipped as captain at Alexandria, he agreed to follow the directions of another person on board, who was undoubtedly the real master of the vessel. Having undertaken a duty altogether different from that of a master of the vessel, namely, that of assuming to be captain towards belligerents, and of claiming the vessel as owner, in case of capture, he is not to be subjected to the disadvantages, in case of misfortune, which belong only to him who is in reality the manager and conductor of the voyage.
We therefore think the plaintiff entitled to the full benefit of his contract with the defendant; the object of which was to secure him certain wages, from the time he departed on his voyage until his return. He can, however, recover * nothing be- [*176] yond the exact stipulations in his contract. For, although a master of a captured vessel, if he remains to claim the property for the benefit of his owners, and incurs expenses on that account, may recover in indebitatus assumpsit an indemnity, notwithstanding the dissolution of the contract; yet this can. be recovered only against the owners of the property ; and such a claim is not within the letter or the spirit of the contract now sued.‡
If the plaintiff, therefore, will remit so much of the damages as exceed the amount of wages reckoned at the rate of sixty dollars pet month, he may have judgment on the verdict for the residue.
The plaintiff having remitted accordingly, judgment was rendered upon the verdict.

 Quære, if all the writings and the facts should not have been taken together as making one contract. This was not a case within the statute of frauds, where writing was essential to the validity of the agreement; 1 Phil. Ev., 7th ed., 570; and evidence is admissible to show that a written contract, purporting to be made between A. and B., was in fact made by B. not on his own account, but as agent of a third person* Wilson vs Hart, 7 Taunt. 295. — 1 B. Moore, 45. — 1 Phil. Ev., 7th ed., 565. — Payton vs. The Governors of St. Thomas' Hospital, 3 Car. & P. 363. “ It is the constant course to show by paroi evidence whether a contracting party is agent or principal." Per Park, J., Wilson vs. Hart. — Patterson vs. Gaudussequi, 15 East, 62. — Addison vs. Same, 1 Taunt. 574. And see Mechanics' Bank vs The Bank of Columbia, 5 Wheat. 226. — Spittle vs. Lavender, 5 Moore, 270. — Thomson vs. Davenport, 9 B. & Cr. 79. — Hornby vs Lacy, 6 M. & Selw. 166. — Damon vs. Inhabitants of Gran- *155 by, 2 Pick 345. — Morris vs. Cleasby, 4 M. & S. 574. Sed vide Hastings vs. Lovering, 2 Pick 214. — Lemon vs. Walker, 9 Mass. Rep. 404

[* Such evidence is, indeed, admissible, not for the purpose of exonerating the agent from his liability, but to show that his principal is also liable on the contract Story on Bgency, § § 155, 266, 270. — Ed.]

 Sed vide Spafford vs. Dodge, 14 Mass. Rep. 72. — Boardman vs. The Elizabeth, 1 Peters's Adm. R. 129. — The Saratoga, 2 Gal. 164. — Emerson vs. Howland, 1 Maser, 45— Willard vs Dorr, 3 Mason, 161.

 See L’Arina vs. The Exchange, Bee’s Adm. R. 198.