Stinchfield *v.* Little.

STINCHFIELD *v.* LITTLE.

Where a contract is entered into, or a deed executed, in behalf of the govern-ment, by a duly authorized *public agent.* and the fact so appears, notwith-standing the agent may have affixed *his own name and seal,* it is the contract or deed of the government, and not of the agent.

But the agent or attorney of a *private person or corporation,* in order to bind the principal or constituent and make the instrument his deed, must set to it *the name and seal of the principal or constituent,* and not merely his own.

If the agent describe himself in the deed or contract as acting *for,* or *in behalf,* or *as attorney* of the principal, or *as a committee to contract for,* or *as trustee* of a corporation, &c., if he do not bind his principal, but *set his own name and seal,* such expressions are but *designatio personæ,* the deed is his own, and he is personally bound.

In an action of *covenant* upon the issue of *non est factum,* the plaintiff offered in evidence the deed declared on, which was in these words : " Know all men by these presents, that I *Josiah* " *Little* of, &c. by virtue of a vote of the Pejepscot Proprietors, " passed on the first day of *September* 1784, authorizing and " appointing me to give and execute deeds for and in behalf of " said proprietors, for and in consideration of the sum of thirty- " seven pounds to me in hand paid by *Thomas Stinchfield* of, &c. " the receipt whereof I do hereby acknowledge, have given, " granted, released, conveyed and confirmed unto him the said " *T. S.* his heirs and assigns forever two hundred acres, &c. " To have and to hold the above granted and bargained premis- " es with all the privileges and appurtenances thereof to him " the said *T. S.* his heirs and assigns forever, as an absolute es- " tate of inheritance in fee simple forever : hereby covenanting " in behalf of said Proprietors, their respective heirs, executors, " and administrators to and with the said *T. S.* his heirs and " assigns to warrant, confirm and defend him and them in the " possession of the said granted premises, against the lawful

Stinchfield *v.* Little.

" claims of all persons whatsoever. In testimony that this " instrument shall be forever hereafter acknowledged by the " said Proprietors as their act and deed, and be held good and " valid by them, I the said *Josiah Little* by virtue of the afore- " said vote, do hereunto set my hand and seal this nineteenth " day of *February*," &c. with the defendant's name, and a seal. To this the defendant objected that the deed, and the covenants therein, were the deed and covenants of the Pejepscot Proprietors, and not of the defendant ; and so not proving the declaration. And *Thacher J.* before whom the cause was tried, thereupon directed a nonsuit, with leave for the plaintiff to move that the nonsuit should be set aside and the action proceed to trial, if the Court should be of opinion that the deed and covenants therein were the deeds and covenants of the defendant.

The motion was argued at the last term in this county by *Belcher* and *R. Williams* for the plaintiff, and *Little* and *Longfellow* for the defendant, and was thence continued to this term for advisement.

*For the plaintiff,* it was insisted that the nonsuit ought not to have been ordered, until the defendant had first shewn his authority to bind the proprietors, that it might appear that the authority was pursued; because, if it were not, it would still be *his own* deed.

But if he had sufficient authority to bind the proprietors by deed, yet he has not executed it in such a manner as to bind them, and therefore has bound himself. *Fowler v. Shearer,* 7 *Mass.* 14. *Tippets v. Walker,* 4 *Mass.* 595. *Appleton v. Binks,* 5 *East* 148. *Barry v. Rush,* 1 *D. & E.* 691. *Frontin v. Small,* 2 *Ld. Raym.* 1418. *Willes* 105. In all these cases the agent professed to act for others, but signed his own name, as he did in the present case. Upon authority, therefore, the nonsuit ought to be set aside.

*Little* and *Longfellow è contra.*

Proprietors of lands, incorporated by the provisions of our statutes, have no common seal, and must always grant by vote, or convey by deed, executed by agent or attorney authorized for that purpose. No particular form of words is necessary for an agent to bind his principal, if he expresses in the contract the capacity in which he acts. *Wilks v. Back,* 2 *East* 142.

Deeds are to receive a construction from the whole taken together; and every deed ought to be so construed, if it be legally possible, as to effect the intent of the parties. *Browning v. Wright,* 2 *Bos. & Pul.* 12. *Wallis v. Wallis,* 4 *Mass.* 135. *Ellis v. Welch,* 6 *Mass.* 246. *Davis v. Hayden,* 9 *Mass.* 514. *Bott v. Burnell,* 11 *Mass.* 163. By the rules laid down in these cases the deed declared on must be taken to be the deed of the Pejepscot proprietors, and not of their agent. In its commencement it declares the character in which he acts, " by virtue of a vote of the Pejepscot proprietors," appointing him " to give deeds for and in behalf of said proprietors." In pursuance of which authority he " gave and granted" the lands described in the deed, " covenanting in behalf of said proprietors *their heirs* and assigns"; and in the conclusion it is again designated as the deed of the proprietors in these words ;—" In testimony that this deed shall be forever hereafter acknowledged by said proprietors as *their act and deed,* and be held good and valid *by them,*" &c. The deed in its whole form and tenor purports to be only a conveyance of the Pejepscot proprietors' lands, and no other, and the covenants are expressly intended for them alone.

In *Stackpole v. Arnold,* 11 *Mass.* 27. *Mayhew v. Prince, ib.* 54. and *Afridson v. Ladd,* 12 *Mass.* 173. there were no words in the instruments which shew an agency, or disclose any intent to bind any person other than the person executing them.

This deed purporting to convey proprietors' lands, and the covenants purporting to be made in their behalf, it must be considered as their deed, and not the deed of the defendant.

If the deed is not properly executed by the agent, as the deed of the proprietors, then it is not a deed, and conveys nothing, being a void instrument; and the grantee can have no benefit from the covenants. *Fowler v. Shearer,* 7 *Mass.* 14.

If the deed is properly executed, and passes the estate of the proprietors, then, according to the principles settled in *Sumner v. Williams,* 8 *Mass.* 162. the agent is not liable personally for covenants in a deed purporting to convey an estate not his own, unless he sustains a character competent to convey, and executes an instrument of conveyance legal in its forms, explicitly assuming the covenants himself. In the case at bar it was competent for the proprietors to delegate authority to convey, and

Stinchfield v. Little

to enter into covenants of warranty ; and the deed supposes such authority given to the defendant. The only question, therefore, is whether he has properly executed that authority.

It was said in *Sumner v. Williams,* that the covenants must be considered as personally binding the executors, because, in entering into them, they exceeded the limits of their duty as executors. In *Tippets v. Walker* the defendants sealed the contract with their own seals, and not with the seal of the corporation, having a common seal; nor did it appear that they had sufficient authority from the corporation to enter into the contract. And the reason of the judgment in *Appleton v. Binks* was that the defendant, upon some supposed indemnity, undertook for his principal, and personally entered into the covenants; which in the present case does not appear.

PREBLE J. at this term delivered the opinion of the Court, as follows.

In this case two questions are presented for the consideration of the Court. 1. Is the deed declared on, the deed of the Pejepscot proprietors ? 2. Admitting it not to be the deed of the Pejepscot proprietors, is it the deed of *Josiah Little,* the defendant?

Where a contract is entered into, or a deed executed in behalf of the government by a duly authorized public agent, and the fact so appears, notwithstanding the *agent may have affixed his own name and seal,* it is the contract or deed of the government, who alone is responsible ; and not of the agent. *Unwin v. Wolseley,* 1 *D. & E.* 674. *Macbeath v. Haldimand, idem* 172. *Hodgson v. Dexter,* 1 *Cranch* 345. *Dawes v. Jackson,* 9 *Mass.* 490. *Sheffield v. Watson,* 3 *Caines* 69. But the same rule does not obtain in relation to the agent or attorney of a private person or corporation. It seems to have been settled or recognized as law in Courts of justice by judges, distinguished for their wisdom and learning, in successive generations, and under different governments, that in order to bind the principal or constituent, and make the instrument his deed, the agent or attorney must set to it the name and seal of the principal or constituent, and not merely his own. In the year 1614 it was resolved in *Combes' case* 9 *Co.* 76. that " when any has authority as an " attorney to do any act, he ought to do it in his name, who

" gives the authority ; —— and the attorney cannot do it in his " own name, nor as his proper act, but in the name, and as the " act of him, who gives the authority." There, however, the act, done by attorney, was the surrender in Court of certain copyhold lands, in doing which, as is well known, neither sign- ing nor sealing constituted any part of the ceremony. A case where a question, relating to the receiving of such a surrender, was agitated, came before the Court of K. B. in 1701, *Parker v. Kett,* 1 *Ld. Raym.* 658. in which *Ld. C. J. Holt* seems to be dis- satisfied with the rule in *Combes' case,* and expresses an opinion that, though the act were done in the attorney's own name, pro- vided he had sufficient authority, it would be good without re- citing his authority, though not so regular and formal. The rule however, as laid down in *Combes' case* is cited by *Ld. Ch. Bar- on Comyn,* as good law. *Com. Dig. Attorney* (*C.* 14.) *and* 1 *Rol.* 330. *l.* 35. is quoted as supporting it. Upon the same authori- ty it is stated, that if an attorney has a power by writing to make leases, if he makes a lease in his own name, it will be void. This latter principle was recognized as law in 1726 in *Frontin v. Small,* 2 *Ld. Raym.* 1418. In that case also the attorney in the body of the instrument *for,* and *in the name,* and *as attorney of* the principal, demised, &c. ; but the Court held, that a per- son, empowered by warrant of attorney to execute a deed for another, must *execute it* in the name of the principal. In con- formity with this decision is the language of *Ld. C. J. Kenyon* in 1795 in *White v. Cuyler,* 6 *D. & E.* 176. " In executing a deed " for the principal under a power of attorney, the proper way " is to sign in the name of the principal." And at a still later period in 1802 in *Wilkes v. Back,* 2 *East* 142. the doctrine, that an attorney must execute his power in the name of his principal, and not in his own name, was recognized by the whole Court, as sound law. The same rule seems to obtain also in the courts of law in this country. Thus in *Simond v. Catlin,* 2 *Caines* 66. *C. J. Kent* not only admits the authority of *Frontin v. Small,* but adds " when a man acts in contemplation of law by the author- " ity, and in the name of another, if he does an act in his own " name, although alleged to be done by him as attorney, it is " void." So also in *Fowler v. Shearer,* 7 *Mass.* 14. *C. J. Parsons* in delivering the opinion of the Court says, " If an attorney has

" authority to convey lands, he must do it in the name of the " principal. The conveyance must be the act of the principal, " and not of the attorney; otherwise the conveyance is void. " And it is not enough for the attorney in the form of the convey- " ance to declare, that he does it as attorney, for, he being in the " place of the principal, it must be the act and deed of the prin- " pal, done and executed by the attorney in his name." This, it is manifest, is only a combination of the principles of the two cases of *Combes* and *Frontin v. Small*, and as such is a recogni- tion on the part of the Court of the law, as laid down in those cases. But in the case of *Elwell v. Shaw*, 16 *Mass.* 42. this subject was again brought in review before the court. There the deed in question commenced with a recital at full length of the power of attorney from *Jonathan* to *Joshua Elwell;* and the attorney, professing to act only in virtue of that power, pro- ceeds to convey, &c. and then concludes " *In testimony whereof* " *I have hereunto set the name and seal of the said Jonathan,*" &c. but affixes *his own name* and a seal. In delivering their opinion the Court say, it is *impossible that any one should doubt the inten- tion of the parties*, but, yielding to the weight of the authorities, they *held the deed not to be the deed of Jonathan.* Now, when we advert to the deed under consideration, we find the case of *El- well v. Shaw* a much stronger one than the present. There the attorney *professing to set the name and seal of the principal*, set a seal, but *signed his own name :* Here the attorney did *not even profess to set the name or seal of the principal* but *professedly as well as actually set his own.* It has indeed been intimated in ar- gument that the case of *Elwell v. Shaw* is an extreme one, bor- dering at least exceedingly near on the line. Be it so. All cas- es bordering exceedingly near on the line are extreme cases. We do not rest the decision of this cause upon that case merely, however safely we might do so, but upon well settled and estab- lished principles in other cases which have been too long and too often recognized to be now called in question. Applying those principles to the case at bar we are of opinion that the deed in question is not the deed of the Pejepscot proprietors.

This is not the case of a deed good in point of form but void for want of power in the person assuming to act as attorney. In such a case whether the attorney is bound by the instrument

itself, or only responsible in an action on the case, it is not necessary for us now to consider. For the purpose of this inquiry, and in the form in which the question is presented for consideration, it is granted that *Little* had sufficient authority to bind the Pejepscot proprietors. If he had properly exercised the powers confided to him, it will be readily admitted he could not have been made personally responsible whatever injury the plaintiff might have suffered for any breach of the covenants contained in the deed. It would then have been the deed of the Pejepscot proprietors and not *Little's;* whereas as the case now stands, it is not their deed, but his own. Thus C. J. *Parker* in *Stackpole v. Arnold,* 11 *Mass.* 27. " It is also held that, whatev- " er authority the signer may have to bind another, *if he does not* " *sign as agent or attorney, he binds himself* and no other person." See also *Mahew v. Prince, idem* 54. So in *Afridson v. Ladd,* 12 *Mass.* 173. " It is not sufficient that a person in order to dis- " charge himself from a promise in writing, should shew that he " was in fact the agent of another, but it should be made to ap- " pear, that he treated as agent, *and actually bound his principal by* " *the contract.*" Nor is it sufficient that the agent describe him- self in the deed or contract, as acting *for,* and *in behalf,* or *as attorney of* the principal, or *as a committee to contract for,* or *trustees of* a corporation, &c.; for if he do not bind his principal, but *set his own name and seal,* such expressions are but *designatio personœ* —it is his own act and deed, and he is bound personally. *Fowler v. Shearer, supra. Appleton v. Binks,* 5 *East* 148. *Tippets v. Walker,* 4 *Mass.* 595. *Tucker v. Bass,* 5 *Mass.* 164. *Taft v. Brewster,* 9 *Johns.* 334. See also *Thacher v. Dinsmore,* 5. *Mass.* 299. *Barry v. Rush,* 1 *D. & E.* 691. *Sumner v. Williams,* 8 *Mass.* 162. *Long v. Colburn,* 11 *Mass.* 97.—Besides, since the deed cannot *proprio vigore* operate as the deed of the Pejepscot proprietors, the last clause of it might well be considered perhaps as is contended by the plaintiff's counsel, under a fair construction of it, the personal covenant of the defendant, that the Pejepscot proprietors should acknowledge that instrument to be good and valid, and equally obligatory on them, as though it were their own act and deed. See *Mann v. Chandler,* 9 *Mass.* 335.—*Appleton v. Binks, and Tippets v. Walker, supra.* But without resorting to such construction, we are of opinion that the

deed is the deed of *Josiah Little* the defendant; and according-
ly the nonsuit is set aside, and a

*New trial granted.*

*Note.* The *Chief Justice,* having formerly been of counsel with the defend-
ant, gave no opinion in this cause.