# CASES

# SUPREME JUDICIAL COURT,

FOR THE

COUNTY OF OXFORD, MAY TERM, 1834.

## Andrews vs. Estes & als.

The rule of law, that an agent binds himself and not his principal, unless he use the name of the principal, applies only to *sealed instruments*. In contracts not under seal, if the agent intend to bind his principal and not himself, it will be sufficient if it appear in such contract that he acts *as agent*.

Where A, B, and C, in writing promised, " in behalf" of a certain school district, to pay a stated sum for the erection of a school-house, signing as " a committee," and being duly authorized by the district to make such contract it was held that they did not thereby render themselves *personally liable*.

Assumpsit upon the following agreement, viz: " We the undersigned committee for the first school district, south side in *Bethel*, promise in behalf of said district, to pay *William Andrews* one hundred and five dollars and seventy-five cents, by the first day of *November* next, providing said *Andrews* shall complete a school-house in said district to the acceptance of a committee and time specified in a bond which he has given, bearing even date with this. Said *Andrews* is to have the old school-house in said district.

*Richard Estes,*
*Stephen G. Stephens,* } Committee.
*Phineas Frost.*

*November* 28, 1831.

It was proved that the plaintiff had completed the school-house according to the contract.

The defendants offered to prove that they were duly chosen a committee and authorized by said school district to make the

contract on which this action was brought, and to pledge the credit of said district — and that the defendants did not intend to bind themselves — and insisted that said agreement was not sufficient to support this action — the school district being liable and not the defendants personally.

*Whitman C. J.* in the Court below, ruled that the evidence offered was irrelevant and inadmissible — that said agreement bound the defendants personally and not the district, and was sufficient to support the action. Whereupon the jury returned a verdict for the plaintiff and the defendants, brought the case up to this Court on exceptions filed to the ruling of the presiding Judge.

*Virgin,* for the defendants, argued in support of the exceptions, and cited *Maine Stat. ch.* 220 & 117; *White v. Westport Cotton Manufacturing Co.* 1 *Pick.* 215; *Damon v. Granby,* 2 *Pick.* 345; *Clement v. Jones,* 12 *Mass.* 60; *Kupfer v. South Parish in Augusta,* 12 *Mass.* 185; *Odiorne & al. v. Maxcy,* 13 *Mass.* 181; *Wyman v. Hal. and Aug. Bank,* 14 *Mass.* 58.

*Fessenden,* for the plaintiff, contended that where there was no latent ambiguity in a contract, no extraneous evidence could be received to aid in its construction — and that therefore, the evidence offered by the defendants, was properly rejected.

In this case, the contract is the contract of the defendants, and not of the school district. If an agent would bind his principal, he must use the name of the principal, otherwise he will bind himself. *Stinchfield v. Little,* 1 *Greenl.* 231; *Combe's case,* 9 *Co. R.* 76; *Frontin v. Small,* 2 *Ld. Raym.* 1418; *White v. Cuyler,* 6 *T. R.* 176; *Wilkes v. Back,* 2 *East,* 142; *Fowler v. Shearer,* 7 *Mass.* 14; *Elwell v. Shaw,* 1 *Greenl.* 339; *Copeland v. Mercantile Insurance Co.,* 6 *Pick.* 198; *Paley on Agency,* 152; *Stackpole v. Arnold,* 11 *Mass.* 27; *Arfridson v. Ladd,* 12 *Mass.* 173; *Tippets & al. v. Walker & al.* 4 *Mass.* 595; *Tucker v. Bass,* 5 *Mass.* 164; *Thacher v. Dinsmore,* 5 *Mass.* 299; *Clapp v. Day,* 2 *Greenl.* 30; 6 *Bin.* 228; *Appleton v. Binks,* 5 *East,* 148.

In this case it is manifest that the defendants did not intend to bind the district, but themselves. The promise is expressly their

own. Nor did the plaintiff intend to look to the district, and thereby incur the risk of the legality of the district meeting, or of being delayed in his payments.

WESTON J. delivered the opinion of the Court, at the ensuing *October* term, in *Penobscot*.

School districts are quasi corporations for certain purposes; and among others, for the building and repair of school-houses. *Rev. laws, ch.* 117, *sec.* 8. The plaintiff claims of the defendants compensation for building a school-house, in the first school district, south side in *Bethel,* in virtue of a contract, dated *Nov.* twenty-eighth, 1831; and the question is, whether they are thereby personally bound. They offered to prove their authority, to enter into and make the contract in behalf of the district, and to pledge their credit.

It is insisted on the part of the counsel for the plaintiff, that the defendants, not having contracted in the name of their principals, have bound themselves; and for this he cites *Combe's case,* 9 *Coke,* 75; *Frontin* v. *Small,* 2 *Lord Raymond,* 1418; *White* v. *Cuyler,* 6 *T. R.* 176; *Wilkes* v. *Back,* 2 *East,* 142; *Stinchfield* v. *Little,* 1 *Greenl.* 231; *Elwell* v. *Shaw, ibid.* 339, and *Copeland* v. *the Mercantile Insurance Company,* 6 *Pick.* 198. These are all cases of deeds, and have their origin in the authority cited from *Coke,* from which has resulted a technical rule, which has often defeated the apparent intention of the parties. We have not found, nor are we aware of any authority, in which the rule in *Combe's* case, has been applied to an instrument not under seal.

In regard to writings not sealed, it is laid down in *Stackpole* v. *Arnold,* 11 *Mass.* 27, and in *Arfridson* v. *Ladd,* 12 *Mass.* 173, that if one makes a written contract, intending to act therein as the agent of another, and to bind his principal, it is necessary that it should appear in the contract itself, that he acts as such agent. In *Tippets* v. *Walker & al.* 4 *Mass.* 592, which was upon an instrument under seal; in addition to the objection that the defendants had not acted in the name, or affixed the seal of their principal, it appeared that they acted without sufficient authority.

The ground upon which *Thacher & al.* v. *Dinsmore,* 5 *Mass.* 299, was decided, will be found to be, that the guardian had no authority to bind his ward, by any promise which he could make; and was therefore personally bound. In *Tucker* v. *Bass,* 5 *Mass.* 164, the cause turned upon another point, which was discussed and decided. The defendant there acted in behalf of the *Bluehill turnpike.* The writing he signed is not set forth; but as no objection was taken to his personal liability, it may be inferred that he gave the plaintiff his own promise; and did not engage in his character as agent.

*Appleton* v. *Binks,* 5 *East,* 148, was upon a deed, in which the defendant expressly covenanted for himself, that another, in whose behalf he was acting, should pay a sum of money. Nothing is more common than for one man to covenant, that certain things shall be done by another. In *Clap* v. *Day,* 2 *Greenl.* 305, the plaintiff represented a voluntary association, and he was described in the note declared on, as their treasurer; and it was holden, that the addition was a mere description of the person.

*Mayer & al.* v. *Barker,* 6 *Binney,* 228, has been cited. It was an action of covenant upon a charter party. The defendant described himself as agent in the body of the deed, but he executed it in his own name. It did not therefore, according to the rule before adverted to, bind his principals. And the Court were of opinion, taking the whole instrument together, and especially its close, that he meant to bind himself personally.

It has been properly contended, that whether the defendants intended to bind themselves or others, must be determined by the terms of the agreement itself, and that it cannot be made out by extraneous evidence. But it does appear to us that the defendants acted throughout as agents. The service was to be performed for the district, which constituted the consideration; the defendants describe themselves as their committee; they promise in behalf of the district, and they sign as a committee.

Not being an instrument under seal, we are of opinion, that the technical rule deduced from *Combe's* case does not apply. But if it did, that rule has been modified by the statute of 1823, *ch.* 220. That statute could not operate retrospectively; but it affects instruments subsequently made; and the contract in ques-

tion was made since the passage of that act. It was a very proper subject for the interposition of the legislature. It relieved the Courts from the obligation of an arbitrary rule, which often defeated the lawful intention of the parties. They are, by the legislative rule, to look to the instrument to learn what that intention is ; and if it thus appear that it was intended, that the principal or the constituent should be bound, such shall be the effect of the contract ; if the agent, attorney, or committee had sufficient authority. Of this the defendants offered competent proof; and we are satisfied that they intended to bind their principals, and not themselves.

*Exceptions sustained.*