##### IN THE

## SUPERIOR COURT OF JUDICATURE,

##### FOR THE

### COUNTY OF COOS, JULY TERM,

#### A. D. 1838.

---

### SAVAGE *vs.* RIX and a.

A committee appointed by a town to lay out a sum of money voted to be raised for the repair of a highway, have not power to bind the town by a promissory note, unless thereto specially authorized. In order to bind the principal by a written contract executed by an agent, it must in some way appear from the written instrument to be the contract of the principal.

If an agent, in making such contract, fail to execute it in such manner as to bind his principal, but use apt words by which to make a contract for himself, whatever there may be which indicates that he might be an agent, must be regarded as description, and he will be liable as on his own personal contract.

ASSUMPSIT, for money had and received. The plaintiff filed a specification, claiming to recover upon a promissory note, in these words :

For value received we jointly and severally promise to pay Stephen Savage, in official capacity, twenty dollars and thirty-four cents, the first of January next. Dalton, July, 1834.

Eben'r Rix,   *Whitefield*
Eben'r Crane,    *Road*
O. P. Brooks,   *Committee,*

The case was submitted to the determination of the court upon the following facts :

At a legal meeting of the inhabitants of the town of Dalton, on the 4th of July, 1834, upon an article in the warrant " To see if the town will raise money to repair John's River road," the town " voted to raise three hundred dollars

to repair Whitefield road," which is the same road mention-
ed in the warrant, being known as well by the one as the
other name, and lying in said town of Dalton. They then
chose the defendants a committee to lay out the money on
said road, and voted that the money should be laid out by
the first of September, then next. Three other individuals
were appointed a committee to accept of the work on the
road, when done. The plaintiff and defendants were, on
said 4th of July, inhabitants of said Dalton, and were pres-
ent at the meeting holden as aforesaid, and had knowledge
of the purpose of the meeting, and of the doings of the
town.

The plaintiff agreed with the defendants that he would
repair a portion of said road, and did make the repairs con-
tracted for, which repairs formed the consideration of the
note in question ; and the plaintiff knew that the defendants
acted as a committee of the town of Dalton, in letting this
and other jobs upon said road, and in laying out the money
voted as aforesaid, the sum specified in said note being part
of the sum so raised by the vote of said town.

In the fall or winter of 1834, one Isaac Abbot held said
note, as security for a debt Samuel Ash had against Savage,
and spoke to Rix about it, who said they owed the note, or
it was due, and if he would call on Benj. Fay, their collector,
he had collected the money, and would pay it on sight.
Fay was collector of Dalton that year.

*H. A. Bellows*, for the plaintiff, contended,

1. That the defendants had no authority to bind the
town of Dalton by a promissory note.

They were appointed for the purpose of superintending
the laying out of a sum of money raised by the town for
a specific purpose, and there is nothing in the vote by which
they are appointed that even implies an authority to bind
the town by note. *Kupfer & al.* vs. *South Parish of
Augusta,* 12 *Mass. R.* 185.

2. That the note of the defendants was in terms a personal engagement, and does not purport to bind the corporation. It is in fact a joint and several contract, which is entirely inconsistent with an undertaking in behalf of the town. The addition to their signatures is merely *descriptio personæ.* 2 *N. H. R.* 353. No principal is disclosed whom they were empowered to bind. 11 *Mass. R.* 27, *Stackpole* vs. *Arnold* ; 12 *Mass. R.* 173, *Arfredson* vs. *Ladd* ; 2 *Kent's Com.* 630.

When the contract is in writing the agency must appear upon the instrument, and cannot be shown by parol. 11 *Mass. R.* 27; 12 *ditto* 173; 2 *N. H. R.* 355, *Underhill* vs. *Gibson & al.*

*Goodall & Woods*, for the defendants, argued that it was not necessary that the principal should be disclosed by name, in the contract. If disclosed from the nature of the case, that was sufficient. The evidence was admissible, and the case finds that the defendants acted as agents, and the plaintiff had full knowledge of it. The credit was in fact given to the town. 11 *Mass.* 97, *Long* vs. *Colburn* ; 1 *Gallison* 35, *Thayer* vs. *Wendell* ; 2 *East* 142, *Wilkes & a.* vs. *Back* ; 15 *Johns.* 1, *Rathbon* vs. *Budlong* ; 5 *Wheat.* 326, *Mechanics' Bank* vs. *Bank of Columbia* ; 18 *Johns.* 344, *Bank of Utica* vs. *Magher* ; 8 *Pick.* 56, *N. E. Marine Ins. Co.* vs. *DeWolf.*

PARKER, C. J. It was held, in *Andover* vs. *Grafton,* 7 *N. H. R.* 298, that selectmen might bind a town by note, in certain cases. The reasons upon which this conclusion was founded are stated at length in the opinion.

Selectmen, although strictly speaking not general agents of the town, have extensive powers—powers as general as any agents the town can appoint. They are obliged, by statute, in certain instances, to go forward and act for the town, whether the town has acted or not—and even the

vote of the town, forbidding them to act, would be no justification for a refusal to perform such duty.

In the exercise of their duties it is necessary that they should not only pledge the credit of the town, to pay for services to be performed, and upon contracts to be executed by the other party, but also for payments where those services have been performed, or the consideration has been received. Under such circumstances there seemed to be good ground for holding that their contracts might take the shape of promissory notes; and we are all satisfied with that decision.

It does not follow, however, that the same rule ought to be applied in cases where an agent is appointed by the town to perform a specific service, and one which may well be executed without any such power. The same reasons do not exist.

The authority of a special agent, appointed to do a particular act, must be limited to the act set forth and designated in the instrument, or act by which he is appointed, and to such acts as are necessary to the performance of that act. The first is an express authority, and the latter an implied one; and beyond those there is no good ground for holding that he can bind his principal. *Chitty on Contracts* 58.

The present case is of that character. The town of Dalton having voted to raise the sum of $300, to repair a certain road, called the Whitefield road, or Johns River road, the defendants were appointed a committee to lay out the money on said road.

This is their authority, as expressed in the vote constituting them a committee. The manner in which it was to be laid out in making repairs is not expressed in the vote; and from the nature of the case, as disclosed in the evidence, there would seem to have been an implied authority to proceed and make contracts, forthwith, in behalf of the town, for the repairs of the road, to the extent of the sum raised; for the vote was passed on the fourth of July; it was to be laid out by the first of September—and certain other per-

sons were appointed a committee to accept of the work when done.

What was proper to be done in making repairs to that extent, was left to the judgment of the defendants ; and it was doubtless contemplated that they were to make contracts without making payment in advance, and in fact without waiting until the money was collected.   There was, of course, an implied authority to pledge the credit of the town by such contracts.   These contracts might well be in writing ; but there was no necessity that they should take the form of promissory notes.   The performance of the service contracted for would naturally be a condition precedent to the payment.   And, besides, another committee was appointed to judge whether the work contracted for had been done, so as to entitle the party to payment.   This is the inference, from the vote appointing that committee.   There could be no propriety, then, in the defendants' attempting to charge the town, by giving a promissory note to any contractor before the performance of the service ; and, although the case is not distinct upon that point, this note was probably given subsequent to the completion of the work.   Was there any implied authority to bind the town by making promissory notes to those with whom they had contracted, after the service specified was performed ?   Such a course was certainly not necessary to the execution of the duty devolved upon them by the vote, to which we are to look for their authority ; nor is it believed to be the ordinary course adopted on such occasions.

And in this instance, as the money was voted to be raised at the same time that the authority was given to the defendants to expend it, the obvious expectation must have been that it was to be assessed and collected, if not in season to make payment as soon as the repairs were made, within a short period afterwards.   The regular course, then, would have been, upon the acceptance of the work by the other committee, for them to give a certificate of that fact, and

for the defendants to have given an order upon the town treasurer, or the collector, for the amount. There was, then, not only no necessity that the defendants should execute promissory notes, in order to discharge their duties, but it could not, in the ordinary course of things, have been contemplated, and no power to bind the town in that mode can be implied. 12 *Mass.* 189, *Kupfer* vs. *South Parish in Augusta; ditto* 242, *Emerson* vs. *the Providence Hat Man. Co.*

The defendants, therefore, having entered into a contract of that description, although they have annexed to their signatures the designation of "Whitefield road committee," and although the body of the note seems to contemplate a promise in an official character, must be held to have bound themselves. The instrument, when divested of what they were not authorized to put there, contains a direct and express promise of the defendants to pay. They might bind themselves in this way, if they saw fit. It does not appear that they have not received the money of the town; and if they have not, the labor was performed upon a contract made with them, and furnished a sufficient consideration for any promise they might see fit to make personally. Under these circumstances, if such personal promise has been made through a misapprehension of their rights, it cannot alter the case. It cannot be held to be without consideration. 2 *N. H. R.* 352, *Underhill* vs. *Gibson;* 9 *Johns.* 334, *Taft* vs. *Brewster;* 2 *Bro. & Bing.* 460, *Childs* vs. *Monins;* 3 *Barn. & Ald.* 47, *Burrill* vs. *Jones;* 1 *Greenleaf* 231, *Stinchfield* vs. *Little;* 10 *Wend.* 276, *Pentz* vs. *Stanton;* 4 *Mass. R.* 595, *Tippets* vs. *Walker;* 11 *Mass. R.* 27, *Stackpole* vs. *Arnold; ditto* 54, *Mayhew* vs. *Prime;* 12 *Mass.* 173, *Arfredson* vs. *Ladd;* 19 *Johns.* 63, *Randall* vs. *Van Vechten;* 1 *Cowen* 536, 540, *Mott* vs. *Hicks.*

The authorities just cited show, conclusively, that a party may be bound as a contractor, even if he did not in fact intend so to bind himself. *Vide, also,* 5 *Taunt.* 749, *Lefe-*

*vre* vs. *Lloyd ; 7 Taunt.* 159, *Goupy & al.* vs. *Harden & als.*

Covenants by executors and administrators form a distinct class. Whether they come within the same rule, need not be discussed at this time. 1 *Gall.* 37, *Thayer* vs. *Wendell ;* 4 *Mass.* 108, *Caswell* vs. *Wendell ;* 2 *Cowen* 78, *Marvin* vs. *Stone ;* 8 *Mass.* 162, *Sumner* vs. *Williams.*

There is another point in this case, leading us to the same result. The note itself, as has been said, designates the signers as Whitefield road committee, and in the body of it contains the words in "official capacity," which were doubtless intended to refer to the promisors, although their position would indicate that they were intended to apply to the promisee. There is, upon the face of the note, then, some evidence to show that the defendants intended to do an official act, and not make a personal promise ; but who or what did they intend to bind, if not themselves ? The note, certainly, does not show. It is dated at Dalton, but this furnishes no evidence of an intention to bind the town. On the other hand, the description of " Whitefield road committee" would lead to the belief that it was the town of Whitefield which had authorized them to act, and which was to be charged by the promise. There is nothing upon the face of the note to indicate that they supposed they had any authority to charge the town of Dalton, or any intention so to do.

How, then, can this be held to be the promissory note of the town of Dalton ?

The authority to give the note, if it existed, might be shown by evidence *aliunde,* but it would not make it the note of the town to show that the town had authorized such a contract. In order to charge the town, there should be something upon the face of the contract itself to make it the contract of the town, provided authority existed to bind the corporation. And such matter not appearing there, the deficiency cannot be supplied by other evidence, so as to make the written instrument a different contract, binding

upon the town. 7 *N. H. R.* 299, 305 ; 11 *Mass.* 27 ; 10 *Wend.* 27 ; 2 *Camp.* 308, *Siffkin* vs. *Walker & a.*

In *Mechanics' Bank* vs. *Bank of Columbia in error*, 5 *Wheaton*, 326, the check bore upon its face evidence that it was drawn by the Mechanics' Bank, although the cashier did not add to his signature his official designation ; and evidence was rightly admitted to show that he was cashier, and that the check was paid out by the Mechanics' Bank, in liquidation of a balance due from the bank. It may well be doubted whether all the evidence admitted in that case was legally competent ; and there is no reason to suppose that had nothing appeared on the face of it, by which to charge the Mechanics' Bank, this parol evidence that it was intended to be the check of that corporation would have been admitted.

The position contained in the reporter's abstract, 18 *Johns.* 341, *Bank of Utica* vs. *Magher*, that if there is any ambiguity on the face of the instrument, it may be explained by parol, is perhaps hardly warranted by the opinion, and as a general principle certainly cannot be supported. 3 *Stark. Ev.* 1000, *et seq. ;* 1 *Mason's Rep.* 11 ; 11 *Mass.* 30.

If, then, the defendants had had authority to bind the town by a promissory note, this instrument could not have that effect, because it no where purports to contain the promise of the town. But it has apt words to make it the promise of the defendants themselves. They promise to pay ; and they do this jointly and severally ; a mode in which they were not warranted by their appointment to make any contract ; and this would seem to exclude all pretence of an official promise.

Having failed to make a contract for any principal, whatever is contained in the contract referring to agency, or official character, must be held to be mere description, and then the terms used being proper and apt to charge themselves, there is a complete and perfect engagement and promise of the defendants. *Ante* 55, *Woodes* vs. *Dennett, and auth. cited.*

Perhaps the plaintiff might have sustained an action against the town for work and labor, if the money had not been received by the defendants, (12 *Mass.* 244,) but he was not bound to resort to that action.

The action is well sustained upon either of the foregoing positions, and there must be

*Judgment for the plaintiff.*