## The Commissioners of Public Instruction of the City of Trenton

### v.

### Claude E. Fell et al.

The provisions of the act which declares "That any person or persons who shall hereafter, as laborer, mechanic, merchant or trader, in pursuance of or in conformity with the terms of any contract for any public improvement made between any person or persons and any city, town, township or other municipality in this state, authorized by law to make contracts for the making of any public improvement, perform any labor or furnish any material towards the performance or completion of any such contract made with said city, town, township or other municipality," extend to and include school districts.

On final hearing.

*Mr. Edwin Robert Walker*, for the complainants.

*Mr. John H. Backes*, for the defendants Fell & Baker.

*Mr. Peter Backes*, for the defendant William J. Backes, assignee.

Bird, V. C.

The complainants show that they had entered into a contract for the building of a public school building, and that a balance of about $1,800 due upon the contract remained in their hands,

and that there was a dispute between the defendants as to which of them was entitled thereto, and asked that they might pay it into court, and that the defendants might settle the matters in dispute between themselves. The money was ordered to be paid into court.

Fell & Baker filed a lien under the act passed March 30th, 1892, and claim that, by virtue of that act, they are entitled to all of said moneys. The act provides

"That any person or persons who shall hereafter, as laborer, mechanic, merchant or trader, in pursuance of or in conformity with the terms of any contract for any public improvement made between any person or persons and any city, town, township or other municipality in this state authorized by law to make contracts for the making of any public improvement, perform any labor or furnish any material towards the performance or completion of any such contract made with said city, town, township or other municipality, on complying with the second section of this act, shall have a lien for the value of such labor or materials, or either, upon the moneys in the control of the said city, town, township or other municipality, due or to grow due under said contract with said city, town, township or other municipality, to the full value of such claim or demand."

It will be perceived that the act treats of cities, towns, townships or other municipalities, all of them being classified under this head. If the school district over which the complainants were commissioners can be brought within this classification, then Fell & Baker are entitled to a decree. The act speaks of cities, towns, townships or other municipalities, plainly intending to bring within the operation of the act all such improvements, whatever might be the real nature of the corporation, provided it could reasonably be considered a municipality.

It is urged upon the part of the defendant Backes, who is the assignee of Skillman & Vansant, that the school district is not a municipal corporation, but rather simply a *quasi* public corporation, and seeks to make a material distinction between the two. The act itself forbids any such narrow construction, since by its very terms it includes towns and townships. Whatever the technical definition of towns and townships may be, in strict legal parlance, the object or intent of the legislature to place towns and townships upon the same footing with cities, which

are purely municipal in their character, is so plain that it cannot be resisted.

The fact that towns and townships are classified as municipal corporations goes very far towards including school districts. A school district is a part of the machinery of government, as much so, to all intents and purposes, as a town or township. When the moral and intellectual interests of the people are considered, a school district may well be regarded as ranking as high in importance as that of any other territorial division. Through its agents it deals both with the property and the liberty of citizens; more than this, towns and townships do not do.

Besides this, the act entitled "An act to establish a system of public instruction" provides for the creation of school districts, and for the election of trustees therein and the appointment of a clerk for the board of trustees, who is required to keep a minute of all the proceedings of such board, and declares as follows:

"Every such school district shall be known by the name and number assigned to it by the county superintendent, * * * and the trustees thereof shall be a body corporate, to be known and called by the name of 'The trustees of school district No. —, in the county of ———,' and shall be capable of suing and being sued in all courts and places whatever, and of purchasing, holding and conveying real and personal property for the use and benefit of the schools of such district, and may have a corporate seal."

After this explicit legislative expression, it would seem entirely useless to cite authorities holding that school districts may properly be regarded as *quasi* corporations. In the case of *State* v. *Troth, 5 Vr. 386*, the court said: "The legislature may create special and limited jurisdictions for the convenience of local government within the territory of the township, without creating such district a separate municipality. Incorporated school districts, under our statute, are instances of corporations with the power to hold lands, direct the levy of taxes and adopt regulations for the management of schools in their corporate capacity, within limits defined for that purpose. Indeed, our system of incorporating towns within counties furnishes a familiar illustration of one corporation with municipal powers within another of larger extent, having powers of the same

nature, though for different objects." I think that the language used by the court in this case wholly dissipates the argument, insisted upon by counsel for the assignee, that since school districts are not mentioned in the act, they cannot be regarded as included within its meaning, because of the use of the phrase "other municipalities." It is manifest, from the language used in the above quotation, that the court used the word *municipal* with reference to precisely such organizations. *Commissioners* v. *Horner, 19 Vr. 444; Dobbins* v. *Northampton, 21 Vr. 497.*

"A municipal corporation, in its strict and proper sense, is the body politic and corporate constituted by the incorporation of the inhabitants of the city or town for the purposes of local government thereof. Municipal corporations as they exist in this country are bodies politic and corporate of the general character above described, established by law, partly as an agency of the state to assist in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town or district which is incorporated." *1 Dill. Mun. Corp. p. 38.* In the same connection the same author says that the phrase "municipal corporations is also used in a still broader sense which includes public or *quasi* corporations." *1 Dill. Mun. Corp. p. 39.*

The courts of other states have taken the same view of the municipal character of school districts as our own courts have. *Andrews* v. *Estes, 11 Me. 267.*

In *Gaskill* v. *Dudley, 6 Metc. 546,* Chief-Justice Shaw said: "School districts, so far as they are corporations, are corporations of the same kind as towns, organized for the same purpose, charged with the same duties." *Whitney* v. *Stow, 111 Mass. 370; Connell* v. *Woodard, 5 How. 665.*

I conclude, therefore, that the school district in which the complainants in this case are commissioners is within the provisions of the act of March 30th, 1892. It was conceded upon the argument that if I came to this conclusion, Fell & Baker would be entitled to the preference which they claim by virtue of their lien. I will so advise.