## GILL against BROWN.

THIS was an action of *assumpsit* brought to recover compensation for the use of a certain vessel or schooner, called the Gold Hunter, formerly belonging to the plaintiff. The cause was tried at the Jefferson circuit, in June, 1813, before Mr. Justice Spencer.

The defendant was, in the summer and autumn of 1813, a deputy-quarter-master general, in the service of the United States. The vessel in question had been seized by the collector of Oswego, and the defendant obtained possession of, and used her, without the consent either of the collector, or plaintiff, for the service of the United States, in transporting troops, provisions, &c. Afterwards, in September, 1813, it was agreed between the plaintiff and the defendant, that if the plaintiff would obtain possession of the vessel from the marshal of the United States, the defendant would purchase her at the ap-

A public officer is liable on his express promise to pay for services rendered to government. Where a quarter master of the U. States, having obtained possession of a boat which had been seized by a collector, and used her in the public service, agreed, if the owner would obtain possession of the boat from the marshal, that he would purchase her, and pay him for the previous use of her, and the owner accordingly got possession, on paying the marshal 400 dollars, and the other party purchased the boat,

and paid for it; it was held, that he was personally liable on his promise for the hire of the boat, and that the promise was founded on a good consideration.

praisal of men, and would also pay him for the previous use of the vessel. The plaintiff accordingly procured the vessel to be delivered over to him, on paying the marshal 400 dollars; she was then appraised at 1,233 dollars and 33 cents, which sum was paid by the defendant. The jury, by the direction of the judge, found a verdict for the plaintiff, subject to the opinion of the court.

*Storrs*, for the plaintiff, contended, that the defendant was personally responsible, on this contract, in his individual capacity. The case of *Sheffield* v. *Watson*,\* is in point, to show, that a government agent, though contracting for things for the use of the government, will be personally liable on his contract, unless he makes it in his official character. In this case nothing was said as to the character of the defendant, or who was to pay. There is no evidence that the plaintiff looked to the government for payment.

* 3 *Caines' Rep.* 68.

Further, it appears that here was an express promise by the defendant to pay. He agreed that, if the plaintiff would obtain possession of the boat, he would purchase her, and also pay the plaintiff for the previous use of the boat.

Again, the defendant, in agreeing to pay for the previous use of the boat, went beyond the scope of his authority as a public agent, and must, therefore, be personally responsible.

*Benedict*, contra, contended, 1. That the defendant being a known public agent, and making this contract for the use of the government, was not answerable in his individual capacity. The case of *Sheffield* v. *Watson* was not intended to shake the English authorities.† And in the case of *Hodgson* v. *Dexter*,‡ the supreme court of the United States expressly recognised the principles laid down in *Macbeath* v. *Haldimand*.§

† 1 *Bro. Ch.* 101.
2 *Str.* 915.   1
*Term Rep.* 172.
674.   1 *East*,
135. 579.  3 *Wils.*
149.
‡ 1 *Cranch's Rep.*
345.
§ 1 *Term Rep.*
172.

A public agent, known to be such, is not personally answerable, unless he expressly contracts in his individual capacity. This must be clearly made to appear, to show that the party intended to look to the individual, or agent, and not to the government.

2. The promise, in this case, was without consideration. The only consideration shown, was, that the boat had been used, the preceding summer, in the service of the government. If it

had been in the service of the defendant himself, it would have been a past consideration.*

THOMPSON, Ch. J., delivered the opinion of the court. This is an action of *assumpsit* to recover compensation for the use of the schooner *Gold Hunter*, belonging to the plaintiff. The vessel was, in point of fact, employed in the service of the *United States;* and the only question in the case is, whether, under the circumstances, the defendant is personally responsible. It was matter of general and public notoriety, that the defendant was a quarter master, acting in behalf of the *United States.* Whether, in this particular case, he contracted in that capacity, is the point under consideration. There can be no doubt that an agent may make himself personally responsible, if he is willing, and will undertake so to do; and it is equally clear, that if an agent means to incur no personal responsibility, he must act within the scope of his authority, so as to give a remedy against his principal.

From the facts in this case, it appears that the schooner had been seized by the collector, previous to her being employed in public service, and was taken by the defendant without the consent either of the collector or the plaintiff, and put into public service, in *April,* 1813. In *September* following, the defendant agreed with the plaintiff, that, if he would get the vessel into his own possession, exonerated from the seizure, he, the defendant, would purchase her, at the appraisal of men, and would pay him for her previous use in the service of the *United States.* The plaintiff, accordingly, on paying 400 dollars, procured the schooner, discharged from the claim growing out of the seizure, and she was delivered to the defendant at the appraisal; and the claim now is for the use of the vessel, according to the defendant's promise. Here, then, is an *express promise* by the defendant to pay, and made under such circumstances as renders him personally responsible. There is nothing in the case showing that it was the understanding of either party, that the plaintiff was to look to the government for payment. The simple facts, that the defendant was quarter master, and that the services performed were for the *United States,* were not sufficient, when opposed to the *express* and *unqualified* promise of the defendant, to exonerate him from personal liability.

NEW-YORK, Oct. 1815.

GILL
v.
BROWN.

* 2 *Str.* 933. 5 *Johns. Rep.* 272. 7 *Johns. Rep.* 87.

In the case of *Sheffield* v. *Watson*, (3 *Caines' Rep.* 72.) the court say it is not enough that the plaintiff knew the defendant to be a public agent, and that the frigate built by the plaintiff was to be a public vessel; but it should appear that the defendant contracted in his official capacity, and on account of the *United States*, and that the plaintiff gave credit to, and intended to look to the government alone for compensation. If the principles of this case be adopted, the defendant is clearly liable; and, indeed, the present is a much stronger case, for here is an express promise to pay.

An examination of this class of cases will show that they all turn upon the question, to whom was the credit intended to be given? The reasoning of the court in *Callen* v. *Queensbury,* (1 *Brown's Ch. Rep.* 101. *note*,) shows, pretty strongly, the injustice and unfitness of too easily listening to an objection like the present, and turning round the party from the person with whom he contracted, to those he may choose to set up as his principals. In *Hodgson* v. *Dexter*, (1 *Cranch*, 363.) it is stated and admitted by the counsel on both sides, to be a question of intention; and the court recognise that position as correct, and they go into an examination of the circumstances to ascertain the intention, and observe that the whole agreement manifests, very clearly, a contract made entirely on public account, without a view, by either party, to the responsibility of *Dexter ;* and this will be found to be the principle which runs through all the cases in the *English* courts on this subject.

Independently of the express promise made by the defendant, this case furnishes other strong circumstances to show that he ought to be personally responsible. The schooner was taken out of the possession of a public officer of the *United States.* For what cause she had been seized does not appear; and it is very questionable, whether the government would have considered themselves bound to pay for the use of the vessel whilst under this seizure. This, at least, was so doubtful, that it is not very probable the plaintiff meant to look to the government; nor does the manner in which this vessel was taken, without the permission of either the collector or the plaintiff, appear to have been within the scope of the defendant's authority as a public agent; and, if not, the act might not have been sanctioned by the government, nor the defendant's promise ratified and performed. No objection growing out of the statute of

frauds can be raised against the right of recovery. If the defendant is personally responsible, there was a sufficient consideration to support the promise. The plaintiff procured the vessel to be discharged from the claim of the *United States* by virtue of the seizure, for which he paid 400 dollars; and this was done in pursuance of, and according to, the contract between the parties. Here was, then, an actual loss to the plaintiff, in consequence of the defendant's promise, and as the consideration therefor, which is sufficient to support the promise, whether the defendant received any personal benefit or not. In whatever point of light, therefore, the case is considered, the plaintiff is entitled to judgment.

Judgment for the plaintiff.