SHEAR *against* MALLORY AND BRYANT, OVERSEERS OF THE POOR OF THE TOWN OF HILLSDALE.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error, who were plaintiffs in the court below, brought an action against the plaintiff in error, on a promise alleged to have been made by him, for the maintenance of a bastard child, born of the body of his daughter. It appeared, on the trial, that the defendant below had taken out a warrant against the putative father of the bastard child, and that, when he was arrested, the defendant settled with him, and took his note, and no further proceedings appear to have been had against the putative father. It also appeared, that the defendant had, at several times, acknowledged that he had to maintain the child, and that he had promised one *Hogeboom*, who had married the mother of the child, that if he would give up the property which the defendant had given the mother, he, the defendant, would maintain the child, and that *Hogeboom* did give up the property. The overseers had expended more than twenty-five dollars in the support of the child. Judgment was given in the court below for the defendants in error.

*Per Curiam.* The promise made by the defendant below, to maintain the bastard child, cannot be made to *enure* to the benefit

*Although, in some cases, an action may be maintained on a promise, the consideration for which moves from a third person, by the party in whose favour the promise was made, yet, when neither the consideration moves from the plaintiff, nor the promise was made to him, or for his benefit, an action cannot be maintained. Where a promise is made to the overseers of the poor, their successors cannot maintain an action upon it, they not being a corporation.*

of the plaintiffs below. In general, it is necessary that the consideration on which a promise is founded, should move from the party in whose favour the promise is made. There are some cases, however, where a party in whose favour the promise is made, may maintain an action, although the consideration moves from another person ; but, in the present case, the consideration did not move from the plaintiffs below, nor was the promise made to them, or for their benefit. It does not appear that they were the overseers of the poor at the time the putative father was proceeded against, and, admitting that the promise to maintain this child enured to the benefit of the then overseers, they are not a body corporate so that their successors can sue in their own name upon such promise. The judgment must, therefore, be reversed.

Judgment reversed.