## JESSE J. UNDERHILL *et al. vs.* DAVID GIBSON *et al.*

A promise is not void for want of consideration, if, in consequence of the promise, the promisee incurs a liability to a third person. In such case it is immaterial whether the person who made the promise, or he on whose behalf it was made, were either of them previously subject to any action in favor of the promisee.

Such promise, being original and not collateral to any precedent debt of the person in whose behalf it was made, is not within the statute of frauds.

If it be made in behalf of a corporation, by an agent, using no language applicable to the corporation; and if the power of the agent to bind the corporation by such a promise be questionable, an action may be sustained against the agent himself.

If it be made likewise not under seal to the agent of another corporation; and the agent in consequence thereof incurs a liability to the other corporation, an action may be sustained in the name of the agent.

THIS was assumpsit. The declaration contained a large number of counts; but they were all founded upon a special promise, supposed to be contained in the following letter:

" *To the Hon. Selectmen of the town of Chester, in the county of*
" *Rockingham, in the State of New-Hampshire.*

" GENTLEMEN SIRS,

" We, the undersigned, selectmen of Rumney, in the county
" of Grafton, and state aforesaid, feeling sensible that the town
" of Rumney are chargeable by law for the maintenance of the
" family of *Enos C. Greely*, which is now become poor and un-
" able to support themselves, and now reside in Chester afore-
" said, and that the selectmen have rendered aid to said *G.'s*
" family, we, the subscribers, do promise to the selectmen of said
" C. to pay them all the legal charges as per citation served, and
" all legal charges since said citation, reserving to ourselves the
" right of investigating all charges that may be presented, on just
" and reasonable terms; and we pray this investigation without
" any suit at law; and likewise we ask your indulgence in credit
" until sometime next winter, when we will come or send and
" settle with you; and on the presentation of this, you will have
" the goodness to deliver over to the bearer of this the family
" of said *G.* and their effects.

" DAVID GIBSON, ⎰
" SAMUEL BURNHAM, ⎱ Selectmen.

" Rumney, July 17th, 1817."

At the trial here, on the general issue, at February term, A. D. 1820, it was agreed by the parties, that in the year 1817, the defendants were selectmen of Rumney, and the plaintiffs selectmen of Chester; that the paupers mentioned in the letter were legally settled in Rumney; that they had been supplied by Chester with certain necessaries for their

Underhill et al.
vs.
Gibson et al.

maintenance ; that the plaintiffs caused a notification to be served on Rumney, with a view to prosecute that town for the sums expended ; that this notification was not seasonably returned to the clerk's office, but the defendants, ignorant of that fact, forwarded to the plaintiffs the above letter, and that afterwards the plaintiffs forebore to make any return of said notification, or to procure, serve and return a new one. The whole proceedings were suspended till January, A. D. 1820, when the town of Chester, as no part of the money had been paid by the defendants or Rumney, commenced the present action in the name of the plaintiffs.

It was further agreed, that upon these facts the plaintiffs should become nonsuit, or the defendants be defaulted, and heard in damages according to the opinion of the court after further consideration.

The case having been continued *nisi* for advisement, judgment was rendered in Hillsborough county, April term, A. D. 1821.

*A. Kent*, for the plaintiffs.

*Quincy* and *E. Cutts*, for the defendants.

WOODBURY, J.,* delivered the opinion of the court.

As the defendants have taken no exception to the form of the declaration, we shall consider the case solely upon its merits.

The action is, in substance, for the value of certain relief, furnished by the town of Chester to paupers, whose legal settlement was in Rumney. But our statutes confer on corporations alone a right of action for relief furnished to paupers. 1 *N. H. Laws* 360.—1 *N. H. Rep.* 52, *Mace vs. Nottingham-West*. They subject to an action for such relief, corporations alone and relations of sufficient ability. Hence it follows, that the present action in the name of the plaintiffs, and against the defendants, as mere individuals, cannot be sustained, unless as at common law upon a special promise made for a valuable consideration. 2 *East* 505.—3 *Es. Ca.*

---

* RICHARDSON, C. J. did not sit.

45

Underhill et al.
*vs.*
Gibson et al.

91.—8 *John.* 323.—12 *John.* 352.—13 *John.* 380.—15 *John.* 281.—16 *John.* 281, *Edwards & ux. vs. Davis.*—12 *Mass. Rep.* 317.—14 *Mass. Rep.* 448. Accordingly, the declaration in this case is founded on a special promise; but whether that promise was between these parties, and for a valuable consideration, are questions of considerable difficulty.

It is apparent from the face of the letter, that the promise was nominally between the parties to the present action; and under this head the only difficulty arises from the circumstance, that when the promise was made, all the parties were agents of corporations, and the subject matter of the promise was connected with their agency. The defendants, therefore, contend, that the promise was merely a corporate undertaking, by Rumney to Chester, through the medium of their respective selectmen.

The first objection to this construction is that the whole language of the letter is the language of the defendants alone, and not of the town of Rumney. In such case, the name of the town, or principal, has often been deemed mere description. 5 *Mass. Rep.* 164, *Tucker vs. Bass.*—13 *Mass. Rep.* 406.* But most of the cases in support of this position are those, where the contract was under seal; and not being sealed with the seal of the principal, has been deemed an additional and fatal objection. 13 *Mass. Rep.* 406, *Tileston et al. vs. Newell et al.*—5 *East* 148, *Appleton vs. Binks.*—*Strange* 705, *Frontin vs. Small.*—*Ld. Ray* 1418, *S. C.*—8 *Mass. Rep.* 162, *Sumner, adm'r. vs. Small.*—4 *Mass. Rep.* 598, *Tippetts vs. Walker et al.*—3 *John. Cases* 180, *Clement vs. Brush.*—9 *John. Rep.* 334, *Taft vs. Brewster.*—7 *Mass. Rep.* 14, *Fowler vs. Shearer.*—2 *Wheaton* 45,† *Duval vs. Craig et al.* —6 *D. & E.* 176.—1 *D. & E.* 691.

It does not follow, however, in this last class of cases, that the agent himself is bound. For if he expressly excludes that inference,(1) or signs only the name of the principal,(2) or acts in behalf of the government, he is exonerated. 1 *D.*

(1) 1 Gallis. Rep. 39, Thayer vs. Wendall.
(2) 2 East 142, Wilkes et al. vs. Back.

---

* 19 John. 565—6.
† 16 Mass. Rep. 42, Elwell vs. Shaw.—1 Greenleaf Rep. 339, S. C.; 231, Stinchfield vs. Little.

& E. 674, *Urwin vs. Wolseley.*—1 *Cranch* 345, *Hodgdon vs. Dexter.*—9 *Mass. Rep.* 490, *Dawes vs. Jackson.*

In promises not under seal, it would also seem to be the better opinion at this time, that if the name of the principal be disclosed, whatever looseness may exist in the language of the promise, the principal alone is bound.    2 *Taunton* 387, *Bowen vs. Morris.*—11 *Mass. Rep.* 97, *Long vs. Colburn.*—15 *John. Rep.* 1, *Rathbon vs. Budlong.*   And though the agency must appear on the promise,(1) yet it need not appear by express language, if the nature and circumstances of the contract render it probable.    5 *Wheaton* 334, *Mechanic's Bank vs. Bank of Columbia.*—18 *John. Rep.* 346, *Bank of Utica vs. Magher.*   In the present case, as the promise was by a writing not sealed, and the principal appears on the face of it, we should hesitate to subject the agent to an action on the ground of mere informality in the language and signature.

But another objection to this promise, as binding on the principal, is a want of authority in the agent to make such a promise ; and it was upon such want of authority in agents, that the principals were exonerated in the following cases. 13 *Mass. Rep.* 178, *Odiorne et al. vs. Maxey et al.*—5 *ditto Rep.* 300, *Thatcher vs. Dinsmoor.*

No evidence was here offered of any special vote of the town of Rumney, empowering their selectmen to make a contract of this character.   Selectmen can *ex-officio* superintend "the prudential concerns" of their respective towns, and we have heretofore held, that this would justify them in paying debts of the corporation, which from their amount and nature ought to be discharged. *Sanborn vs. Deerfield, Rock. Sept.* 1820.   But they can have no authority, under this general power, to adjust controversies or suits of the corporation ; or to bind them to the payment of money for such an adjustment by a written contract.   3 *Barn. & Ald.* 1, *Broughton vs. Safford W. Works.*   Such a power *ex-officio* is unnecessary, dangerous, and, therefore, impolitic.   For these reasons, it probably was not conferred by express statute; and hereafter should any town desire their selectmen to be

Underhill et al.
*vs.*
Gibson et al.

(1) 3 Caines 69, Sheffield vs. Watson.— 11 Mass. Rep. 27—29, Stackpole vs. Arnold. —12 do. 174, Arfridson vs. Ladd.

Underhill et al.
vs.
Gibson et al. invested with such extensive authority, it can easily be conferred by explicit votes to that effect.

We are inclined to think, also, where an agent contracts in writing without authority that he is liable on the writing itself; (8 *Mass. Rep.* 209.—12 *Mass. Rep.* 241.—5 *Mass. Rep.* 300.—13 *John. Rep.* 310, *White vs. Skinner.*—3 *John. Cases* 180, 70.—11 *Mass. Rep.* 29—54.—4 *Mass. Rep.* 597.—9 *John.* 335.—3 *Barn. & Ald.* 347, *Burrell vs. Jones,**) and consequently, that the defendants, if at all liable, are properly sued upon the writing itself. *Sed. contra.* 11 *Mass. Rep.* 98.—16 *ditto* 463, *Ballou vs. Talbot.*

Nor are the defendants protected because acting in the promise as agents to a public corporation. If any privilege belong to agents on account of the character of their principals, which has been doubted,(1) it is only when the principals are the government of the country, and bound on the one hand to protect their servants, and on the other to be just, solvent and punctual. 8 *Mass. Rep.* 212.—4 *ditto* 597. —3 *Wheaton* 181.†

*margin note:* (1) 15 John. Rep. 1.

The rule does not extend to agents of mere corporations, and when agents of the government act without authority, they would probably in no case be protected from liability. The better opinion as to agents of the last description seems now to be, that if the credit is given to them and not to the government, the agents themselves are holden. 3 *Caines* 69. 15 *John. Rep.* 1.—1 *Cranch* 345.—1 *D. & E.* 172, 674.—1 *Mass. Rep.* 217.—12 *John. Rep.* 385, *Gill vs. Brown.*—1 *East* 135, *Myrtle vs. Beaver.*—1 *East* 579, *Rice vs. Shute.*—3 *Wils.* 149.—3 *Wheaton* 181, *Dugan vs. United States.*—3 *Dall.* 384 *Jones vs. Setomb.*‡ And other things being similar to other cases of agency, this circumstance as to the credit is the true test of their personal liability.

The next objection on the part of the defendants is that there was no sufficient consideration for the promise by them in their private capacity; and if there was, that the consid-

---

* 1 Greenleaf's Rep. 237.          † 19 John. Rep. 64.—1 Gow. Rep. 117, note.
‡ 1 Gow. N. P. 117; Prosser vs. Allen.—1 Greenleaf 234.

Underhill et al.
*vs.*
Gibson et al.

eration enured to the town of Chester and not the present plaintiffs. Whatever may have been the views of these parties, when the letter was written and received, it is now certain, that all remedies as between their corporations are forever lost; and that the only redress for the relief furnished is upon the promise, and against these defendants. Sufficient consideration for this promise undoubtedly exists as between Chester and the defendants; because Chester incurred the expense and forebore to perfect and prosecute her statutory remedy against Rumney in consequence of this promise. *Cro. Eliz.* 619, 652, *Levett vs. Hawes, Stewart vs. Farmer et al. Rock. Sept.* 1819. Had this action been in the name of Chester, therefore, the present difficulty would have been removed. But a sufficient consideration to the principal in a promise, under seal, never authorizes an agent to sue in his own name. *Strange* 705.—2 *Ld. Ray.* 1471.—6 *John.* 9.—3 *Barn. & Ald.* 47, *Burrell vs. Jones.* And where the promise is not under seal, the same rule has often been adopted. 1 *Chitt. Pl.* 4, 5.—1 *Hen. Bl.* 84, 85.—3 *Bos. & Pul.* 147, *Piggot vs. Thompson.*—2 *Barn. & Ald.* 137.—2 *Taunton* 386.—10 *John.* 389, *Gunn vs. Cantine.*—5 *Mass. Rep.* 493.—12 *do.* 184.

On the other hand, where the promise runs directly to the agent, it would seem to be the doctrine of some cases, that a suit will lie in the name of the agent without any consideration enuring to him except his liability over for what he may receive. 13 *John. Rep.* 496, *Shear vs. Mallary et al.*—1 *N. H. Rep. Howe vs. Howe* 49.—13 *Mass. Rep.* 405.—*Thos. Ray.* 303.—*Latch* 206.—*Chitt. Bills,* 96.—3 *Mass. Rep.* 225.—1 *Bos. & Pull.* 102.—6 *D. & E.* 124.—8 *Cranch* 30.—8 *Mass. Rep.* 103.—3 *Wheaton* 172, 211 *note.*—3 *Bos. & Pull.* 149 *note.*—15 *Mass. Rep.* 44.

But whatever may be the true rule in such a case, the least interest or consideration enuring to the agent, as his commissions in the case of factorage enables him to sue in his own name. *Cow.* 256. Here the plaintiffs in consequence of the promise forebore their official duty to return the old notice or procure a new one and institute a suit

Underhill et al.
vs.
Gibson et al.

(1) 1 Caines
Rep. 45, Mil-
lar vs. Drake.

against Rumney. They thus deprived Chester of her statutory remedy for the relief furnished; they did this at the request of the defendants, and their consequent liability to Chester for this conduct is a sufficient consideration as between the plaintiffs and the defendants personally.(1) We have before remarked, that the discretionary power of the plaintiffs as selectmen does not extend to the adjustment of controversies and the substitution of contracts like this by individuals, who may be irresponsible, for statutory remedies against the whole town.

The town might afterwards adopt or ratify such a contract; but no evidence of that kind appearing here, the plaintiffs are still liable to Chester, and being so liable at the request of the defendants, this is not only a sufficient consideration as respects the defendants; but joined with the discharge of Rumney as a town it is a new or original consideration and not within the statute of frauds.

The promise is not collateral or in aid of Rumney, as Rumney is now not liable; the consideration is not the old statute duty imposed on towns, but grows out of new transactions, and whether the letter be or be not sufficient to take a promise out of the statute of frauds is immaterial, since the present undertaking is not within the statute. 7 *John Rep.* 453.—8 *do.* 376.—15 *do.* 426.—12 *John. Rep.* 365, *Gill vs. Brown.*—17 *do.* 13, 134, 15 *note*, 115 *note.*—1 *Wils.* 305.— *Burrows* 1886.

It is a gratification to find, that these conclusions will enforce substantial justice; as Rumney will doubtless idemnify her agents, and Chester obtain through the plaintiffs, only what she is entitled to receive and what Rumney would have been bound to pay, had not the promise under consideration been made by her agents.

*Let the defendants be defaulted and heard in damages.*