Kingsbury
*vs.*
Pond.

————◆◆◆◆◆————

## COOS, NOVEMBER TERM, 1826.

### SAMUEL J. BISHOP *vs.* S. W. CONE *et al.*

The record of an appointment of selectmen, at a town meeting, and proof, that they have acted under the appointment, may be left to a jury as evidence, that the town meeting was legally holden, and that the selectmen were sworn.
The record of a vote of a town to raise money may, by leave of the court, be amended, so as to be conformable to the truth, by the clerk, who made the record.
Selectmen are not responsible for the proceedings of the surveyor of highways in collecting taxes.

Trespass *de bonis asportatis.*  The defendants pleaded, 1st, the general issue ; 2d, in bar, that at a meeting of the inhabitants of Columbia, duly holden on the second Tuesday

of March, 1822, they were duly chosen selectmen of that town, for the year following, and *Noah Lyman* a surveyor of highways; and that at the same meeting it was voted to raise the sum of $278 92, for laying out and repairing highways; that on the 1st April, 1822, the said selectmen duly assessed the said sum upon the polls and estates of the inhabitants of said town, and previously to the first day of June, 1822, limited the districts of the several surveyors of highways, and gave to said *Lyman*, who was surveyor of the Gore district, a list of the persons belonging to said district, including the said *Bishop*, with their respective proportions of said tax; and that the said *Bishop* having neglected to pay his proportion, the said surveyor seized the goods, mentioned in the plaintiff's writ, as a distress.

To this plea, the plaintiff replied *de injuria sua propria absque tali causa*; upon which issue was joined.

The cause was tried here at November term, 1825, when the taking of the goods, mentioned in the declaration, by *Noah Lyman*, surveyor of highways, by virtue of a warrant under the hands of the defendants, as selectmen of Columbia, was admitted. The defendants produced a record of their appointment at a meeting of the inhabitants of Columbia, holden the second Tuesday of March, 1822, and then produced a warrant under their own hands and seals, as selectmen of that town, requiring the said inhabitants to meet on the said second Tuesday of March, and then proved by parol evidence, that the said warrant was duly posted up, as the statute directs. The plaintiff objected, that the evidence was not sufficient to shew, that the meeting was legally held; because it did not appear, that the defendants were selectmen when they signed the warrant, under which it was held. But the court overruled the objection.

The defendants also produced a record of a vote of the town aforesaid, at said meeting on the second Tuesday of March, 1822, as follows, viz. : " Voted, to raise one half " of one *per cent.* on the grand list, to repair highways and " bridges." It appeared, that the amount of the grand list, that year, was $278 92 only. The defendants moved, that

the town clerk, for the year 1822, might have leave to amend the record of the vote, according to the truth, which was granted ; and the amended record was as follows, viz. : " Voted, to raise the amount of the grand list, to repair " highways and bridges the present year." The plaintiff objected to the admission of the amended vote in evidence ; but it was admitted.

The defendants then shewed in evidence, that the said sum of $278 92 was duly assessed, and that a list of the assessment and a warrant, in due form of law, were delivered to *Lyman*, the surveyor of the highways, under which warrant the goods of the plaintiff were seized as a distress. The plaintiff objected, that the defendants ought to shew, that the surveyor of highways proceeded regularly in making the distress ; but the court overruled the objection, holding it was only necessary for the defendants to shew, that a tax was legally voted to be raised, and duly assessed, and a proper list and warrant delivered to the surveyor of highways.

The jury having returned a verdict for the defendants, the plaintiff moved for a new trial, on the ground, that the several objections, taken as aforesaid and overruled, were well founded.

*J. Bell*, for the plaintiff.

*Sheafe* and *Woodbury*, for the defendants.

RICHARDSON, C. J. It is contended in this case, that there was not evidence sufficient to shew, that the defendants were duly chosen selectmen for the year 1822 ; because there was no evidence to shew, that the persons who signed the warrant, under which the meeting, at which they were chosen, was held, were selectmen.

As the property of the plaintiff had been taken by a warrant under the hands of the defendants, it was clearly incumbent on them to shew themselves officers *de jure*. *Moore vs. Graves, ante*, p. 413. The question then is, was the evidence, on this point, proper to be submitted to a jury, as proof, that the defendants had been duly appointed selectmen ? On this question we entertain no doubt. The de-

fendants produced a record of their appointment, at a meeting of the inhabitants, and shewed, that they had acted as selectmen under the appointment. From this evidence it was competent for the jury to infer, nothing appearing to the contrary, that the meeting, at which they were appointed, was legally holden, and that they had been duly sworn. *Johnson vs. Wilson*, 2 *N. H. Rep.* 202.—3 *John.* 431, *Potter vs. Luther.*—1 *N. H. Rep.* 266, *Jones vs. Gibson.*—1 *Gallison* 222.—1 *Pick.* 109.

We are therefore of opinion, that this objection cannot prevail.

It is further contended, that the amended record of the vote of the town to raise money was not admissible, because the record could not be legally amended. On this point we think that great care must be taken, that amendments be made only according to the fact ; but we have no doubt, that a record may be amended to conform to the truth. 11 *Mass. Rep.* 477, *Wales vs. Battelle.*—2 *Pick.* 397, *Taylor vs. Henry.*

It has been further urged in this case, that the defendants ought to have been held to shew the regularity of the surveyor's proceedings. But there is no pretence for the supposition, that selectmen are responsible for the acts of surveyors of highways. There are cases, in which a surveyor of highways might be liable by reason of some defect in the proceedings of the selectmen. 4 *Taunt.* 635, *Mayor vs. Knowler.*—13 *John.* 444, *Suydam vs. Keys.*—1 *Caine's Rep.* 92, *Henderson vs. Brown.*—10 *Mass. Rep.* 119.

But no case has been cited, nor are we aware, that any case is to be found, in which it has been held, that assessors of taxes can be liable in trespass, or in any other form of action, for irregularity in the proceedings of collectors.

We are therefore of opinion, that there must be

*Judgment on the verdict.*