## WHITE *vs.* RICHARDSON & Trustee.

Where the principal debtor had agreed to work with the trustee, on condition that the trustee should pay the amount of his wages to a third person, to whom he was indebted—*Held*, that the wages so received in the hands of the trustee were not subject to attachment by trustee process.

Where the trustee had become bail for another, on condition that he should work for the trustee, and the wages should remain in the trustee's hands, to indemnify him for his liability—*Held*, that the contract could not be overruled by trustee process, and that the amount received on such contract must be first applied in payment of the sum for which he might be charged as bail.

FOREIGN ATTACHMENT. In this case it appeared, by the disclosure of the trustee, that there had been various dealings betwixt the principal and the firm of Johnson & Carleton, of which the trustee was a member, and a balance was found due the firm by the disclosure. Exception was, however, taken to a payment of $20.35, made by the firm, after service of the trustee process, to one Elijah L. Woolson ; and to a farther payment of $35.00 made by the trustee on a judgment recovered against him as bail for the principal debtor, which sums if rejected would entitle the plaintiff to judgment.

The grounds on which the trustee claimed to make these payments appear in the following facts set forth in the disclosure.

Some time prior to the May term of the court in Grafton, in 1838, a writ was served upon the defendant in this case

in favor of Woolson. The defendant was arrested, and the trustee became bail for his appearance, and it was agreed that the defendant should work in the employment of the firm, and the trustee should have a lien upon his earnings for his security.

At the May term of the court, judgment was rendered against the defendant for forty dollars. Soon afterwards Goodall & Woods, in behalf of Woolson, the trustee in behalf of the firm of Johnson & Carleton, and the defendant, Richardson, for himself, entered into the following arrangement: Richardson stipulated with Goodall & Woods, the agents and attorneys of Woolson, that whatever amount should become due to Richardson from Johnson & Carleton, over what he was then owing them, and over what might be needed by him for clothing, should be paid by Johnson & Carleton to Goodall & Woods, in discharge, so far as it would go, of the judgment of Woolson against Richardson. Richardson directed the firm to make payment to them, and the firm agreed so to do.

Under this arrangement the firm of Johnson & Carleton paid to Woolson, for Richardson, the sum of $20.35, in the fall of 1838, and for the balance of the judgment against Richardson, remaining due and unpaid, *scire facias* was issued against the trustee, and judgment was rendered against him for the sum of $35. These sums the trustee claims should be allowed him against Richardson; and the question whether such allowance may be rightfully made, is submitted to the court for their determination.

*Ainsworth,* for the plaintiff. 1. The promise to pay Woolson's debt is a promise to pay the debt of another without consideration. It is not in writing, and is within the statute of frauds. Such a promise does not discharge the trustee's liability to the principal for what he earned after the promise, and his wages must be effects or credits in the hands of the trustee liable to attachment. 3 *Mass. R.* 70, *Frothingham*

vs. *Haley ;* 3 *Pick.* 66, *Williams* vs. *Marston & a. ;* 3 *Mass. R.* 33, *Davis* vs. *Ham & al. ;* 2 *N. H. Rep.* 93, *Haven* vs. *Wentworth ;* 6 *Greenl.* 263, *Sayward* vs. *Drew.*

2. The liability of the trustee as bail, was, at the time of the service of the writ, a mere contingent claim, and constituted no debt for which the principal's wages could be withheld against attachment by trustee process.

*Goodall,* for the trustee. The obligation to pay the Woolson debt is in the light of an accepted order, and is binding on the parties. *Cushing's Trustee Process* 74, § 179 ; 10 *Mass. R.* 316, *Crocker* vs. *Whitney ;* 8 *Pick.* 280, *Curtis* vs. *Norris & a. ;* 4 *N. H. Rep.* 469, *Hutchins* vs. *Sprague & a.*

UPHAM, J. The exception is here taken that the promise to pay the debt of Woolson, by the firm of Johnson & Carleton, was without consideration, and not in writing, and therefore within the statute of frauds. But we think this view of the case arises from a misconception of the true position in which the parties are placed.

The defendant, Richardson, covenants to work in the employment of the firm of Johnson & Carleton, on condition that his wages, deducting some portion of the amount for actual necessaries, should be paid by them upon his debt to Woolson ; and the firm engage to make such payment as fast as the wages accrue. The labor, then, of the defendant is an executed consideration, binding the firm to a compliance with their engagement. The amount of wages as it becomes due is so much funds in the hands of the firm belonging to Woolson ; and, under the agreement betwixt the parties, would extinguish, as fast as received, Richardson's debt to Woolson. Woolson has agreed by this contract to receive any amount paid in this way to the firm as a payment to him ; and neither he nor the firm can avoid this contract to the prejudice of Richardson. Various authorities might be cited to this point. 7 *N. H. Rep.* 397, *Heaton* vs. *Angier ; Ditto* 345,

*Butterfield* vs. *Hartshorn ;* 3 *D. & E.* 180, *Tatlock* vs. *Harris ;* 5 *Barn. & Ald.* 228, *Wilson* vs. *Coupland ;* 4 *Barn. & Cres.* 163, *Wharton* vs. *Walker ;* 3 *Ditto* 591, *Caxton* vs. *Chadley ;* 8 *Pick.* 280, *Curtis* vs. *Norris & a. ;* 10 *Mass. R.* 316, *Crocker* vs. *Whitney ;* 17 *Mass. R.* 575, *Hall* vs. *Marston ;* 12 *Johns.* 385, *Gill* vs. *Brown ;* 7 *Ditto* 103, *Beecker* vs. *Beecker ;* 8 *Ditto* 149, *Holley* vs. *Rathbone.*

A farther exception is taken as to the charge of the trustee for the amount for which he was adjudged liable as bail. It is contended that this contract as bail was a mere contingent liability, and that the trustee had no right to withhold wages received by him, as an indemnity on such claim, against attachment by trustee process.

But the contract as bail is an executed contract, furnishing an abundant present consideration for the receipt of wages, or the payment of money, to be holden to abide the extent of the claim. Such a contract could not be interrupted by a service of trustee process. There is no principle of law which would require this. The contract should be fairly sustained, and the respective rights of the parties preserved under it. Subject to such rights, the trustee process might subsist, and would avail or not, according to the ultimate liability of the trustee as bail.

On these grounds the charges made by the trustee are allowed ; and, as the account is thus made up, he is entitled to judgment.

*Trustee discharged.*