## Low & a. *vs.* Pettengill.

Where a mortgage of personal property was entrusted by the mortgagee to the mortgager, who left it with the town clerk, with instructions to "keep it out of sight for a few days," which request was assented to by the clerk—*Held*, that the clerk had no authority to place it on record till such instructions were withdrawn.

Where an attachment of the property was made in the mean time, as the property of the mortgager—*Held*, that the attachment was valid.

Amendments of town records should be made, on application to the court, and on evidence showing the truth of the facts, where litigation has arisen involving rights arising under the amendment proposed.

Where the record is amended, it should always appear upon the record when, how, and why the amendment was made.

Trespass, for taking and converting to the defendant's use sundry goods, consisting of broadcloths, carpetings, flannels, &c., part of the stock of an English goods store.

The property in question was attached on the 10th of April, 1840, by the defendant, as deputy sheriff, upon a writ in favor of Charles Arnold & Co., and another writ in favor of S. P. Smith, against John A. Low. The writs were returnable to this court, September term, 1840.

It appeared in evidence that on the 7th of March, 1840, John A. Low made to the plaintiffs a deed of mortgage of his stock in trade, described in a schedule thereto annexed, among which were included the articles in question, to secure the payment of certain notes mentioned in the condition of the mortgage. On the same day John A. Low, as the agent of the plaintiffs, handed the mortgage to the town clerk of Concord, with a request that the town clerk would keep it out of sight for a few days; and the town clerk, after making a memorandum in pencil, upon said mortgage, of the date on which it was received, in accordance with the request of Low, deposited the same in the desk where files of mortgages and other papers were, but in a different part of the desk from that in which the files of mortgages were kept.

The mortgage remained thus deposited, without being recorded or placed among the files of mortgages, or entered in

any index, until after the next annual town meeting, on the 11th day of March, 1840, when a new town clerk was elected, to whom were delivered the records, files, and other papers in the town clerk's office, together with the desk in which the files of mortgages were kept; but no information was communicated to him of the existence of the mortgage now in question.   The records, files, &c., were removed by the new town clerk to a new office.

The goods described in the schedule, of which those now in controversy formed part, remained in the possession of John A. Low till the attachment by the defendant, as deputy sheriff.

On the morning of April 10, 1840, Arnold & Company, and Smith, applied to the town clerk of Concord, by an agent, to ascertain, by an examination of the records and files, whether there was any mortgage upon the property attached. The town clerk, after carefully examining the records, files, and indexes, informed the agent that he could not find, and had no knowledge of, any mortgage upon the property. Thereupon Arnold & Co. and Smith immediately caused the property to be attached by the defendant upon their writs. Afterwards, on the same day, the mortgage to the plaintiffs was found by the former town clerk, where it had been deposited by him on the 7th of March.   It was subsequently entered, by his direction, upon the records of mortgages for the town of Concord, and after it was entered upon the records the former town clerk made upon the mortgage an entry in writing, in these words :  " Concord Records.   Received March 7, 1840.   Recorded, lib. 4, fol. 542 :  Examined :" and thereto subscribed his name as town clerk.   He also, at the same time, made an entry in writing at the bottom of the entry of said mortgage upon the records, in these words : " Received and recorded, March 7th, 1840 :  Examined :" and thereto subscribed his name as town clerk.

It was agreed that if the court should be of opinion that, upon the facts and circumstances stated in the foregoing case,

the plaintiffs were entitled to recover, judgment was to be rendered for the plaintiffs, for damages, to be settled by an auditor, and costs ; otherwise, for the defendant, for his cost, open to review.

*Hutchins*, for the plaintiffs.

*Fowler, & Perley*, for the defendant.

UPHAM, J.　By the statute of June 22, 1832, it is provided, that no mortgage of personal property shall be valid, except against the parties to the same, unless possession of the mortgaged property be delivered to the mortgagee and retained by him, or it is recorded in the office of the clerk of the town where the mortgager resides.

Subject to this provision is the exception, which has been long established, of actual notice, which supersedes the necessity of a record.

There is no pretence here of actual notice of the mortgage by the attaching creditor.　The only question is, whether he has had notice by the record.

The mortgage, when drawn up, was entrusted to the mortgager, and he must be regarded as the agent of the mortgagee, so far as any directions were given by him as to its record.

When he left the mortgage with the town clerk, he left it with a request for him to keep it out of sight for a few days, which was assented to by the town clerk.　This we hold to be equivalent to a request that the mortgage should not be placed on record until farther order.

It could not be on the record, which is always public, and open to inspection, and yet " be kept out of sight," and the clerk had no power to make it a record until such instructions were withdrawn ; and when recorded it could only date from the new instructions.　Such is the effect of the arrangement made by the parties.

It is immaterial whether they understood the legal consequences of this arrangement or not. The notoriety contemplated by the statute in order to give validity to a mortgage, must exist. If by any arrangement between the parties to a mortgage, and the recording officer, this design of the statute is defeated, the mortgage is invalid against those persons who had no cognizance of it. The attempt to obtain the benefits of a mortgage, and yet to defeat the requirement by which alone it can have its effect on the public, is a gross fraud, which is especially reprehensible if participated in by the recording officer.

The mortgage, under the facts in this case, was not left for record with the former town clerk, or recorded by him while he was in office. He has attempted to make a record of the mortgage since he retired from office.

It is settled that the records of towns may be amended, to conform to the truth of the facts, by the person who was in office at the time. 3 *N. H. Rep.* 513, *Bishop* vs. *Cone;* 11 *Mass.* 477, *Welles* vs. *Battelle;* 6 *N. H. Rep.* 182, *Cardigan* vs. *Page;* 2 *Pick.* 397, *Taylor* vs. *Henry.* But such amendments should be made on application to the court, and on evidence showing the truth of the facts, where litigation has arisen involving rights arising under the amendment proposed. 9 *N. H. Rep.* 176, *Gibson* vs. *Bailey.*

The great readiness of recording officers to make amendments in their records, on the suggestion of parties in interest, without a due hearing and order of court, is a practice which is either wholly inadmissible, or should not be exercised without great caution ; and it should always appear on the record when, how, and why the amendment was made. It is only when this is done that the true character of the record appears, and all the facts connected with it essential to show its validity.

The amendment in this case was improperly made. The mortgage was not left, or received in such manner as to au-

thorize a record ; and the subsequent entry, by the clerk, of such record, was without authority, and void.     There must, therefore, be

*Judgment for the defendant.*