## MOOR & a. v. WILSON.

If one without authority undertake to make a written contract for another, he
does not thereby bind himself, provided such contract, after rejecting expres-
sions descriptive of his assumed agency, contain no apt words to charge him
with a personal undertaking.

A delegated authority can ordinarily be executed only by the persons to whom
it is given, the legal maxim being that *delegatus non potest delegare.*

ASSUMPSIT, to recover two notes, one of which was in
these words :

"Manchester, June 1, 1842.

For value received, the Second Methodist E. Society in
Manchester, N. H., promise to pay Moor & French, or
bearer, seventy-six dollars and seventy-four cents, in one
year from the first day of January, 1843, with interest."

The other was in the same words, except that it was
made payable in "two" years.

Both were signed by "Darius Wilson, treasurer," by the
defendant, who also affixed his own name, with the names
of eight other persons, described as "Trustees of 2d M. E.
Society in Manchester."

The notes were given for lumber used in the construction
of a church, built by the society in 1842.

On the 28th of January, 1842, the society voted "that
the treasurer, as agent of the society, be empowered to hire
money at rates of interest not exceeding six per cent. per
annum, and pay any demands against the society for the
erection of the meeting-house, at any time when he may
think proper or expedient."

On the 9th of May, 1842, they voted "that the trustees
be empowered to give their notes in behalf of the society."

The defendant, on the trial, proposed to prove that the
trustees authorized the defendant to sign their names to the
notes; to which the plaintiffs' counsel objected that they
could not delegate their authority to sign notes. But in

order to save all questions, the evidence was admitted, subject to the exception.

A verdict was taken, by consent, for the plaintiff, upon which judgment was to be rendered, or the verdict set aside and judgment rendered for the defendant, as this court should order.

*Daniel Clark*, for the plaintiffs.

I. The defendant, as agent of the society, had no authority to sign this note. He had authority, as agent, to hire money " at rates not exceeding six per cent.," and perhaps this authority would have carried by implication, as incident thereto, the power to give a note for the money so hired, had there been no vote of the society, directing who should give notes in behalf of the society. But the 9th of May, 1842, the society voted " that the trustees be empowered to give their notes in behalf of the society."

This language is peculiar, but probably it was intended by it that the trustees should bind the society by note.

These notes were not given for money hired, but for lumber furnished.

II. The trustees were empowered to give notes in behalf of the society, and must all have united in the execution of these notes. They could not authorize Wilson, or any other one, to do it for them. *Jewett* v. *Alton*, 7 N. H. Rep. 253, and cases there cited; *Andover* v. *Grafton*, 7 N. H. Rep. 298; Story on Agency 14; *Despatch Line & Co.* v. *Bellamy Man. Co.* 12 N. H. Rep. 228; *Gillis* v. *Bailey*, 1 Foster's Rep. 149.

III. Where an agent has not authority to act, or exceeds that authority, he will be personally liable to the person with whom he is dealing, on account of his principal. Story on Agency 319; *Meech* v. *Smith*, 7 Wend. 315; *Clark* v. *Foster*, 8 Vt. Rep. 98.

This is so, even if the agent supposes he has authority, and there is no fraud. Story on Agency 300.

IV.   Failing to bind the society, the defendant can him-self be sued on this instrument.   *Grafton Bank* v. *Flanders,* 4 N. H. Rep. 239;  *Woods* v. *Dennett,* 9 N. H. Rep. 55, and cases there cited;  *White* v. *Skinner,* 13 Johns. 307.

Where certain persons signed a note, describing them-selves as " Trustees of the Union Religious Society," it was held that they were personally liable thereon, although it was proved that the society was a corporation, and the note was given for a balance due from the society for a church bell.   *Hills* v. *Bannister,* 8 Cowen 31.

It did not appear, in this case, that the person executing the note had authority to do it.

In a like case, where the agents had authority, it was held they were personally liable.   *Randall* v. *Van Vechten,* 19 Johns. 60.

*G. W. Morrison,* for the defendant.

The defendant contends that the notes in question are the notes of the corporation, and that the credit was given to the corporation, and not to the defendant.

The trustees had power to give notes in the form of the notes in question, to be used in the transaction of the busi-ness of the corporation; and the defendant, as treasurer and agent, had power to execute notes in the transaction of busi-ness.

The case shows the trustees did fix upon the form, caused blanks to be printed in the form of the notes in question, with their names printed on the printed notes, and author-ized the defendant to use them.

The defendant countersigned the notes, as a precaution against the fraudulent use of the blank notes.

We contend this was not an attempt to delegate author-ity, but a form adopted for the more convenient transaction of business.

The power to hire money to settle the liabilities of the

corporation, carried with it, by implication, the power to settle such liabilities by notes of the corporation.

WOODS, J. There is no ground on which it can be maintained that the defendant had authority to bind the society to the payment of the notes in question. His authority to borrow money, and, perhaps, as incident thereto, to give a note in behalf of and binding the society for its payment, does not reach the case. The consideration of the notes in question was lumber sold and delivered to the society, and no authority, direct or by implication, appears to have been given him to bind the society by a promissory note, except in the particular case of borrowing money, if at all.

Neither was the authority conferred upon the trustees, on the 9th of May, 1842, " to give their notes in behalf of the society," executed in a manner to bind the society.

The notes were made and executed by the defendant alone ; he himself affixed the names of the trustees to them.

It is a well settled rule of law, that if authority to do an act be delegated to one, he must, in general, do that act himself, and cannot delegate his authority to another. *Andover* v. *Grafton*, 7 N. H. Rep. 304 ; *Despatch Line of Packets* v. *Bellamy Man. Co.* 12 N. H. Rep. 228 ; *Gillis* v. *Bailey*, 1 Foster's Rep. 149 ; 2 Kent's Com. (4th ed.) 633.

In such cases, the authority is strictly personal, unless from the express language used, or from the fair presumptions growing out of the particular transaction or the usage of trade, a broader power was intended to be conferred on the agent. Story on Agency 14–16. ·

Here was nothing to show an intention on the part of the society, in giving to the trustees the power of binding it by a note, to authorize it to confer that power upon another.

Another question is whether the note so signed by the defendant, is binding upon himself personally.

It is said, in the case of *Underhill* v. *Gileson*, 2 N. H. Rep. 356, that where an agent contracts, in writing, without authority, he is liable on the writing itself. In that case, there were no words used proper to bind the principal, but only the agent himself.

So where an agent, in making a written contract, fails to do it in such a manner as to bind his principal, but uses apt words to bind himself, the words indicating his character and capacity of agent will be regarded as descriptive, and he will be personally liable on the contract. *Savage* v. *Rix*, 9 N. H. Rep. 263. In that case, the defendants promised " in their official capacity," and signed their several names, adding to them the words " Whitefield road committee."

It is a well settled rule of law, that where one not having authority to bind another, assumes to do so, he binds himself, if apt words are. used for that purpose, or if the language used in the contract does not preclude the idea of personal obligation on the part of the person assuming to be the agent.

If a contract, entered into by one assuming to act as the agent of another, but not having the requisite authority, when stripped of what the pretended agent had no right to put there, still contains apt words to charge the agent with a personal obligation, he is bound to the performance of the contract. *Pettingil* v. *M' Gregor*, 12 N. H. Rep. 191.

In *Woodes* v. *Dennett*, 9 N. H. Rep. 58, the language of the court is thus : " The only remaining question is whether the action can be supported against the defendant personally. It may be supposed that he intended to act as a selectman, but he failed to bind the town, because he could not alone lawfully act as agent. The official character which he assumed must, therefore, be laid out of the case ; and then the inquiry arises whether he made any agreement upon which an action of assumpsit can be sustained against himself.

Moor *v.* Wilson.

That he made an agreement is not disputed.   If that agreement purported to contain the promise of the town of Barnstead to pay, there seems to be no good ground upon which to charge the supplies to the defendant, and maintain an action against him on that account.   If such were the facts, it seems an action on the case might be sustained against him for assuming to act without authority.

But this is not the necessary course where the instrument or contract, rejecting what the person assuming to act as agent was not authorized to put to it, contains his personal obligation.   If the defendant used apt words by which to charge himself on a personal contract to pay, this action may well be maintained.   Having no authority in such a case, he must be understood to have contracted on his individual account."

This case, however, does not fall within the principle of the cases cited.   Here were no apt words to bind the defendant.   It is, in express terms, the undertaking of " the Second Methodist E. Society in Manchester, N. H."   Such is the language of the note itself.   The language used is, " the Second Methodist E. Society promise to pay," and it shows that the defendant did not intend to bind himself. There are no apt words to create a personal contract or promise on his part.   The verdict must, therefore, be set aside, and as the case provides, there must be,

*Judgment for the defendant.*